WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.
April, 1879.

. BRIDGE v. SWAIN.

*In the matter of the estate of* JAMES P. SWAIN,
*deceased.*

A creditor of a partnership firm, both the members of which are dead, may, to satisfy his debt, on the proper proof, by a Surrogate's order, procure a sale of the real estate of the one who survived the other, although the latter is shown to have left abundant assets to meet all demands against his estate.

In determining the sufficiency or insufficiency of the assets of a decedent's personal estate for the payment of debts, and the consequent propriety of mortgaging or selling the decedent's real estate therefor under the provisions of the Revised Statutes (2 *R. S.*, 100), only the personal property which has actually come to the executor's hands is to be regarded, and uncollected and litigated demands in favor of the estate are to be excluded.

THE creditor, after an account was rendered by the executors, applied for an order requiring the executors, etc., of the deceased to show cause why an order should not be made directing them to mortgage, lease or sell the real estate of the testator for the payment of his debts, to enable the creditor to recover the amount of his alleged claim. The claim is based upon two promissory notes, made by the firm of James P. Swain & Co., of which firm the testator was a member and the last surviving partner. On the return day of the order, the executors failed to appear, and thereupon a further order was granted, requiring all persons interested in the said estate to show cause why the executors should not be required to mortgage, etc., for the purpose aforesaid. On a day subsequent to the return

day of the last mentioned order, and to which the matter had been duly adjourned, the petitioner proved his claim, and thereupon moved for an order directing the executors to sell the real estate described in the petition. Whereupon, on behalf of some of the devisees, the court was asked to dismiss the proceeding on the ground that the claim in question was based upon a partnership debt of James P. Swain & Co., which firm was composed of the testator and one J. M. Prescott, and it was urged that the remedy of the creditor should be sought against the estate of Prescott, instead of that of Swain.

It also appeared from the account filed by the executors, that the amount of assets which had been converted into money and received by them, was insufficient to pay the debts, but it was contended by the devisees that there were claims due to the estate sufficient in amount, when collected, to pay all the debts against it, and that, therefore, this proceeding could not be sustained. An action was brought by the executors in October, 1875, to recover one of these claims, amounting to $4,300 and interest, in which a defence was interposed, and which was yet undetermined. Another claim existed against one A. E. Smith, of $650.59 and interest, which was marked on the inventory as "doubtful."

HOLBROOK & SMITH, *for the creditor*, cited Robertson v. Smith, 18 *Johns.*, 459; Carrere v. Spofford, 15 *Abb. Pr. N. S.*, 47; Goelet v. McKinstry, 2 *Johns. Cas.*, 405; Richards v. Heather, 3 *B. & Ad.*, 29; Voorhis v. Childs, 17 *N. Y.*, 354; Pope v. Cole, 55 *N. Y.*, 124; *Wentworth's Exr.*, 159; Ruggles v. Sherman, 14 *Johns.*, 446; Romaine v. Skidmore, 2 *Bradf.*, 122.

KISSAM & EMBURY, *for devisees*, cited 3 *R. S.* (5th ed.), 196, § 59; 189, § 14, subd. 3; Atkins v. Kinnan, 20 *Wend.*, 241, 245; Sanford v. Granger, 12 *Barb.*, 392; Sheldon v. Wright, 5 *N. Y.*, 497, 524.

THE SURROGATE. — The proceedings in this matter seem to have been conducted as prescribed by statute. It is objected, however, on the part of the devisees, that they cannot be maintained, because the debt on which they are based was a partnership debt of the deceased and one Prescott, the latter of whom died, leaving abundant assets. Prescott died first, and Swain, as survivor, took the assets of the firm. He afterwards died, leaving insufficient available assets, so far as converted into money, to pay his debts. If this creditor had endeavored to enforce his claim during the life time of Swain, against the legal representatives of Prescott, he would have failed, as it would have been his duty to have sought payment from Swain, unless he had first shown his inability to recover from him. He is now pursuing his remedy against the real estate of the survivor, and I know of no rule of law to prevent him from doing so. He could have sought payment out of his real estate when living, and I cannot see that his death should preclude him from seeking it from the same source. I think the authorities referred to by counsel for the petitioner amply sustain this view.

The counsel for the devisees also contend that it does not appear that the assets are insufficient to pay the debts. On the contrary, they allege that the assets exceed the debts. In order to make good this position, it is claimed by them that the statute (3 *R. S.*, 169, § 6 [5th ed.]; 2 *R. S.*, 82), by declaring that debts due deceased shall be deemed to be assets, makes them such for the purpose of this proceeding, whether they be collected or not. In this I cannot

agree.  I think the chapter of the Revised Statutes regulating the proceeding to mortgage, etc., for the payment of debts, is so constructed as to avoid the very difficulty suggested.  Thus, when the application is made by the executor or administrator, he shall state in his petition, 1st, the amount of personal property *which has come to his hands*.  (3 *R. S.*, 187 § 3 [5th ed.] ; 2 *R. S.*, 100.)  Then, by section 19, the Surrogate is authorized, whether the application be made by the executor or by a creditor, to make an order for the sale, even if the whole of the assets *which come into his hands* have not been applied to the payment of debts, where it shall appear that the executor has proceeded with reasonable diligence.  It seems to me that the assets had in view by the statute are not what shall be deemed assets for the purpose of the inventory, but the amount of personal property converted into money or immediately available which has actually come into the hands of the executor or administrator.  The doubtful and worthless debts are to be inventoried and are assets to be accounted for, but if not collected at the time of making such an application as this, clearly the possibility of their ultimate recovery cannot be alleged in bar of this proceeding.  The courts have repeatedly held, as shown by the authorities cited by the counsel for the petitioner, that debts due to the testator, only recoverable by suits, are not assets to be charged as in his hands until the actual receipt of them by him.

It would seem from the account of proceedings filed that the executors have proceeded with reasonable diligence in converting the personal property of the

deceased into money and applying it to the payment of debts, if, indeed, that part of section 19 embracing that provision can be regarded as applicable to a proceeding of this character. They, at an early day, commenced an action to recover the large claim alleged to be due the deceased, which is still pending. I do not think I can compel creditors to await the doubtful issue of that litigation. They have rights to be protected, as well as heirs-at-law and devisees.

Subdivision 3 of the 14th section is repealed by the Laws of 1837 (ch. 469, § 41 — the 19th section of the Revised Statutes above referred to), by necessary implication, and takes its place. Section 61 (2 *R. S.*, 108), is section 50 of the original revision; and if I am correct in placing section 19 (*above*) in lieu of subdivision 3 (*above*), then this court has, undoubtedly, the power to order the desired sale.

As I gather that the money cannot advantageously be raised by mortgage, an order for sale of the premises will be entered in the usual form.