---

### In re TOPPING'S ESTATE.

*(Surrogate's Court, New York County. January 23, 1890.)*

1. **EXECUTORS AND ADMINISTRATORS—SALE OF LAND—INVENTORY OF PERSONALTY.**
    In proceedings for the sale of an intestate's land to pay debts, a grantee of the heir may show that personal property other than that contained in the inventory of the estate is available for that purpose, though the inventory was made by the heir.

2. **SAME—LACHES OF ADMINISTRATOR.**
    Under Code Civil Proc. N. Y. § 2759, subd. 5, which provides that a decree for the sale of a decedent's land for the payment of his debts can be made only where the personal representatives have proceeded with reasonable diligence in converting the personalty into money, and applying it to the debts, and it is insufficient for the payment of the same, an administratrix who has made no attempt to collect proceeds arising from a sale of her intestate's personalty by a former administrator, and who has not shown that the attempt would be futile, is not entitled to a decree for the sale of her intestate's land.

3. SAME—FILING OF PETITION—LIMITATION.
  Under Code Civil Proc. N. Y. § 2750, which provides that a petition for the sale of
  land for the payment of decedent's debts may be presented to the surrogate's court
  within three years from the granting of letters testamentary, the filing of the pe-
  tition within the three years gives the court jurisdiction, though the citation is not
  returnable until after the expiration of that period.

On exceptions to referee's report on proceedings to sell land belonging to
the estate of Henry Foster Topping, deceased, for the payment of his debts.
Code Civil Proc. N. Y. § 2750, provides: "At any time within three years
after letters· were first duly granted within the state upon the estate of a de-
cedent, an executor or administrator * * * may present to the surro-
gate's court from which letters were issued a written petition, duly verified,
praying for a decree directing the disposition of the decedent's real property,
or interest in real property, * * * for the payment of his debts." Sec-
tion 2759 provides: "A decree, directing the disposition of real property, or
of an interest in real property, can be made only where, after due examination,
the following facts have been established to the satisfaction of the surrogate:
* * * (5) That all the personal property of the decedent which could have
been applied to payment of the decedent's debts * * * has been so applied;
or that the executors or administrators have proceeded with reasonable dili-
gence in converting the personal property into money, and applying it to the
payment of those debts; * * * and that it is insufficient for the payment
of the same, as established by the decree."

 · *R. H. Underhill*, for petitioner.  *Daniel Finn*, for contestant.

RANSOM, S.· The present is an application by the administratrix of the de-
cedent for the sale of his real estate for the payment of his debts. The gran-
tee of decedent's heir contests the application. The referee to whom the
issues were referred has filed his report. The petitioner excepts to the admis-
sion by the referee, against her objection, of certain evidence adduced to show
the existence of assets in addition to those mentioned in the inventory, which
came to the hands of the administrator whom petitioner succeeded. Such
administrator was the only heir of the decedent, and was the grantor of the
real estate in question. The contestant is the grantee. The latter has filed
exceptions to the findings of the referee. These involve the following ques-
tions: *First.* Whether the referee was right in finding that the debts men-
tioned in the first finding were established as debts against decedent's estate.
*Second.* Whether there was sufficient personal estate available for their pay-
ment.

The evidence whose admission is the subject of the administratrix's excep-
tion was properly received. It was entirely competent for the contestant to·
show that there were other assets besides those contained in the inventory
available for the payment of the debts sought to be collected from his prop-
erty, despite the fact that the inventory was filed by his grantor.

The exception of the contestant with respect to the holding of the referee
in his first conclusion of law, as to the debts established against the estate, is·
overruled. The evidence sustains the conclusion.

The referee finds, and the evidence shows, that, in addition to the property
inventoried, there was certain other personal property left by the decedent,
which was sold by the former administrator for $646. There is nothing to·
show that this amount was ever applied to the .payment of decedent's debts,
or that diligent effort was made to collect it, or effect such application. For
aught that appears it is readily collectible. Certain stock which was inven-
toried as valueless was sold by the former administrator for $1,500. Of this
$250 were, it seems, allowed as commission upon the sale, and $950 paid to·
the attorney of the administrator for collecting certain notes received as the
purchase price of the stock, and for rendering other services of a trifling char-
acter to the administrator. It is not entirely clear from the evidence that this·

payment to the attorney was not in part for other services than those performed for him as administrator. Ordinarily, it is necessary, before a direction is given for a sale such as is sought to be effected here, that all the personal estate should be first applied to the payment of the debts. *Corwin* v. *Merritt*, 3 Barb. 346; *Moore* v. *Moore*, 14 Barb. 27, 30; *Forbes* v. *Halsey*, 26 N. Y. 53; *Tucker* v. *Tucker*, 4 Abb. Dec. 433, 434. It is, however, entirely competent for the court, in a proper case, to direct a sale where all the personal property has not been so applied, or where a part of the debts consists of demands which are doubtful, or are in litigation. But reasonable diligence to effect the conversion of the assets into money, and their application to the payment of the debts, is, in such case, necessary. *Farrington* v. *King*, 1 Bradf. Sur. 185; *Skidmore* v. *Romaine*, 2 Bradf. Sur. 122; *Moore* v. *Moore*, 14 Barb. 29, 30; *Bridge* v. *Swain*, 3 Redf. Sur. 490; Code Civil Proc. § 2759, subd. 5.

I am not satisfied, upon the evidence submitted, that such diligence has been exhibited by the administratrix. Unless the petitioner can show that an attempt to collect from her predecessor any of the assets for which he is liable would be futile, the attempt to recover such assets should be made before an order directing the sale of the real estate should be granted. This matter may, if petitioner elect, be referred back to the referee for proof as to the petitioner's ability to collect the assets, and as to such efforts as she may have already made for the purpose. In case she should not so elect, an accounting to establish the liability of the former administrator to the estate, and the ability of the petitioner to realize upon it, will be necessary. In case the course last indicated is adopted, this application will be suspended to await the result. The conclusion which I have reached necessitates the overruling of the referee's second and third conclusion of law.

It is claimed that this proceeding was not commenced within three years since the granting of letters of administration to the former administrator, and that therefore the court was without jurisdiction to entertain it. The letters were issued November 23, 1885. The petition was filed herein November 21, 1888. The citation, although returnable after the lapse of three years since the issuance of the letters, was issued at the same time the petition was filed. The petition having been filed within the three years, the court acquired jurisdiction of the proceedings. Code Civil Proc. § 2750; *In re Gouraud*, 95 N. Y. 256; *In re Phalen*, 4 N. Y. Supp. 408.