IN THE MATTER OF THE APPLICATION OF ANGELINE PAIGE to revoke the probate of the last will and testament of George Paige, deceased.

Upon an application to the surrogate, to revoke the probate of a will, on the ground of the incapacity of the testator by reason of his being under the age of 18 when the will was executed, the mother of the testator is a competent witness to prove the time of his birth.

A memorandum in the handwriting of a physician and surgeon, in an account book kept by him, of the time a child was born, at whose birth he attended, cannot be received as evidence of the time of the birth, after the death of the physician, unless it is sustained by proof of its truth.

Where, upon appeal from a decree of a surrogate, it appears, on a review of all the facts and circumstances of the case, that although improper evidence was received by him, yet there was sufficient testimony of a proper character to authorize the decree, such decree will be sustained notwithstanding the error.

On an application to the surrogate, to revoke the probate of a will on the ground of the non-age of the testator, declarations of the testator as to what was his age, are inadmissible.

Where a will was attended by the suspicious circumstances that it was made about the time the testator received his bounty money as an enlisted soldier; that the executor in the will was his guardian, and received such money; that the will was drawn in the office of the guardian, who was an attorney, by the clerk of the attorney; that his guardian was a legatee in the will; and that by its revocation the estate would go to the testator's next of kin; *Held* that probate of the will was properly revoked by the surrogate.

THE last will and testament of George Paige, deceased, was proved and admitted to probate, and letters testamentary granted to William B. Champlin thereon, by the

surrogate of Delaware county, N. Y., on the 6th day of July, 1868. On the 12th day of January, 1869, Angeline Paige, the contestant, applied for and procured an order from the surrogate of Delaware county, requiring the executor, William B. Champlin, and Caroline Simmons, to appear at the surrogate's office, in Delhi, on the 16th day of February, 1869, at ten o'clock in the forenoon, and show cause why the probate of the last will and testament of George Paige should not be revoked. Such proceedings were thereafter had before said surrogate, that on the 7th day of January, 1870, the surrogate made a decree, whereby he revoked the letters testamentary, and held and decreed that the will of the said George Paige was null and void, and that the costs of all the parties should be paid out of the estate. From this decree the proponents appealed to this court.

*Wm. B. Champlin,* for the appellant.

*B. F. Gerome,* for the respondent.

*By the Court,* POTTER, J. This proceeding was instituted under the provisions of the Revised Statutes, (2 *R. S.* 62, 63; 3 *id.* 1428, *5th ed.*,) to obtain a revocation of the probate of the will of George Paige, which had been proved before the surrogate of Delaware county. The application was based upon the incapacity of the testator, by reason of his being under the age of 18 when the will was executed. The petitioner was the mother of the testator. The preliminary proceeding was in due form.

Upon the merits, that is, upon the main fact of the testator's age, there was proof sufficient to satisfy the surrogate, and sufficient to prevent a reversal of his finding, that the testator was below the age of 18 at the time of executing the will in question. The mother of the testator, who testifies to the day, month and year of his birth, and that

of another witness, a relative of the family, who saw him when three or four months old, as she should judge, concur in positive testimony upon this point; and although there was some criticism as to the correctness of their memory, and some declarations of the mother proved, showing the testator to have been older, there ·is no evidence directly to the contrary.   The weight of evidence is one way. This court could not, therefore, upon review, reverse this finding, by the common and ordinary rules established in that regard.

This court can only interfere with the decree, therefore, by finding some legal error committed on the trial, by the admission or rejection of evidence.   1. The first objection taken by the appellant is, that the mother of the testator was an incompetent witness to testify to the birth under the provision of section 399 of the Code, his birth being a personal transaction between the deceased and his mother. This circumstance or act of nature, in which the parties were the involuntary actors or instruments, was seriously urged as coming within the statute prohibition.   We cannot stop to discuss it; its absurdity relieves us from further noticing it.   2. A second objection is to the admission, as evidence, of a memorandum found in an account book of Dr. Marshall, then deceased, who attended and officiated at the birth of the testator, who, when living, was a practising physician and surgeon.   The memorandum, which was proved to be in the handwriting of Dr. Marshall, was a charge against the mother of the testator, and the entry was as follows:   "1847, May 27, Angeline Dingy, Dr. to delivering her of a son, $3.00."   On the opposite page a credit marked "settled."   This book was kept not as a journal, but each amount by itself.   The objection to this evidence would have been good, I think, if it was material, and if it had been duly made.   I know of no rule of evidence which would allow such a memorandum of a third person to be evidence, without being sustained by proof

of its truth. But the witness Wm. Gleason, was permitted to testify to it without objection, and no motion was subsequently made to strike it out. After this witness had subscribed his testimony, there follows a memorandum, or statement presented by the book in question, as proved by Wm. Gleason. This was objected to on the ground that it was incompetent evidence, and inadmissible, but admitted by the surrogate, and an exception taken. Another witness, Hanford, testified to the same fact, and the memorandum was again offered in evidence, objected to, received and the ruling objected to. This evidence having been improperly received, as I think, it still remains to be considered whether its admission injuriously affected the finding upon the question to be determined by the surrogate. I think this may be tested by looking at the evidence to see what should have been the finding of the surrogate if this testimony, so objected to, was stricken out of the case. In this view, it seems to me that if, without this evidence, the surrogate had found the fact otherwise than he did find it, it would have been the duty of this court to set aside his finding, as being against the weight of evidence; for, indeed, I am not able to say there is any conflict of evidence upon this point. The surrogate's finding may therefore be sustained, notwithstanding this error, and I am inclined so to hold. This was the old rule in the court of chancery on review of the decrees of surrogates—to order or refuse a new trial, to modify, change and vary the case as equity and substantial justice demanded, upon a review of all the facts and circumstances of the case, without regard to mere technical objections. 3. The appellant offered to prove on the trial declarations of the testator, on a certain occasion, as to what was his age; this was objected to, and, I think, correctly excluded.

Other questions are raised in the brief, but which do not seem to have been raised on the trial, and do not

appear in the case as questions passed upon by the surrogate. With some hesitation, I still think that the law has been observed, and that justice is done, by revoking the will, which carries with it the suspicious circumstances, that it was made about the time he received his bounty money as an enlisted soldier; that the executor in the will was his guardian, and received such money; that the will was drawn in the office of his guardian, who was an attorney at law, by the clerk of the attorney; that his said guardian was a legatee in said will; and that by its revocation the estate goes to his next of kin.

I am for affirming the decree of the surrogate, with costs.

Decree affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, September 5, 1871. *Potter*, P. J., and *Parker* and *Learned*, Justices.]