NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1884.

FOUNTAIN v. CARTER.*

*In the matter of the application for revocation of probate of the will of* CAROLINE A. DUSTAN, *deceased.*

Code Civ. Pro., § 2517, first sentence, reads : "The presentation of a petition is deemed the commencement of a special proceeding, within the meaning of any provision of this act which limits the time for the

---

* Compare Pryer v. Clapp (*1 Dem., 387*). A construction of the first sentence of Code Civ. Pro., § 2517, whereby it should be read : ' The presentation of a petition is deemed the commencement of a special proceeding, within the meaning of any provision of this act which, *in totidem verbis*, limits the time for the commencement thereof "—*i. e.*, within the meaning of any section of the Code, in the nature of a time-limitation, which employs the very word "commencement," and thereby raises the question, what is deemed the commencement,—would negative the application of that section to such another as § 2648, which says : "a petition must be presented . . . within one year," and contains the latent germs of no inquiry. Is § 2648 a provision which limits the time for the commencement of a special proceeding, or one which limits the time for the presentation of a petition?

commencement thereof." The requirement of the remainder of that section, that, "in order to entitle the petitioner to the benefit of this section, a citation, issued upon the presentation of the petition, must within sixty days thereafter be served . . . . . upon *the* adverse party, or upon *one* of two or more adverse parties who are jointly liable or otherwise united in interest," means that, if there are two or more adverse parties, service upon one of them alone, will never be sufficient, save in cases where the rest are jointly liable with him, or are otherwise united in interest.

The term " united in interest," in said section, implies identity of interest or joint interest, as distinguished from similarity or community thereof.

A petition to revoke the probate of decedent's will having been presented by certain of the next of kin within the year specified in Code Civ. Pro., § 2648, the citation issued thereupon was duly served, within sixty days, upon the executor, but was not served within that time upon the residuary legatee or any other person entitled to be made a party, nor was publication commenced within that time. Upon motion of the executor and the residuary legatee to dismiss the proceeding,—

*Held*, that the executor was not "united in interest," with any of the other parties; that, therefore, service upon the former did not avail, under § 2517, to save petitioners' remedy; and that the motion should be granted.

*Held*, further, that this conclusion was not affected by the circumstance that, within the sixty days, the Surrogate had, upon the application of petitioners, granted orders *extending the time for the return of the citation*, and giving direction for service by publication upon certain parties, as those orders did not attempt to enlarge the time within which the citation should be served, or to grant delay in the first publication.

CONSOLIDATED applications by William and Samuel Gedney, next of kin of decedent, and by Norman Fountain, attorney in fact for others, to revoke the probate of her will, whereby Margaret D. Griswold was constituted residuary legatee and devisee. Further facts appear in the opinion.

BARLOW & OLNEY, *for petitioner.*

R. E. ROBINSON, *for Walter Carter, executor.*

THE SURROGATE.—I am asked to dismiss a proceeding which seeks the revocation of the probate of this decedent's will. It is provided by the Code of Civil Procedure (§ *2648*), that (except in certain cases which need not here be specified) a petition for such revocation must be presented within one year after the recording of the decree admitting the will to probate. Succeeding sections provide that, upon presentation of such petition, a citation must issue to the executor, the devisees and legatees named in the will, and all persons who were parties to the proceeding in which probate was granted, and that, upon the return of such citation, the Surrogate must proceed, etc.

The decree admitting this will to probate was recorded June 29th, 1882. The petition before me was filed within a year thereafter—to wit, on June 28th, 1883—and citations were granted thereon, which were made returnable on September 4th, 1883. It is admitted that this citation was duly served upon the executor, but it is insisted, both by the executor's counsel and by counsel for a residuary legatee, who unite in this motion to dismiss, that due service has not been made upon any of the other persons entitled to be cited.

Section 2517 of the Code provides that the presentation of a petition shall be deemed the commencement of a special proceeding within the meaning of any provision of the Code limiting the time for such commencement. It further declares that, "in order to entitle the petitioner to the benefit of this section, a citation issued upon the presentation of the petition must, *within sixty days thereafter* be served, as prescribed in sec-

tion 2520 of this act, upon the adverse party or upon *one* of two or more adverse parties who are *jointly liable or otherwise united in interest;* or, within the same time, the first publication thereof must be made, pursuant to an order made as prescribed in section 2522 of this act."

Whatever doubts may suggest themselves as to the proper construction of certain language in this section, which will be hereafter the subject of consideration, the requirement that service shall be made upon "*the* adverse party," or upon "*one* of two or more adverse parties who are jointly liable or otherwise united in interest," must be interpreted as meaning that, if there be two or more adverse parties, service upon one of them alone will never be sufficient, save in cases where the rest are "jointly liable" with him, or are "otherwise united in interest."

Assuming this interpretation to be correct, the question next presents itself—In what relation do the "adverse parties" stand, who are here entitled to be cited? It seems to be claimed by the petitioners that the service of the citation upon the executor was service upon an adverse party, so united in interest with the other persons required by § 2649 to be cited, as to entitle the petitioners to prosecute this proceeding, even though service upon such other persons be admitted to be defective because not made within sixty days from the filing of the petition. But the term "united in interest" seems to me to involve the idea of identity of interest, or joint interest, as distinct from similarity or community of interest. The use of the term "united in interest," in connection with the term "jointly liable"

plainly suggests this construction. Similar language was employed in § 99 of the old Code of Procedure (*Voorhies, 10th ed., 83*). That section provided that "an action is commenced as to each defendant when the summons is served on him, or on a co-defendant who is a joint contractor or otherwise united in interest with him." These words came upon the statute book in 1851, and were substituted for § 79 of the Code as originally passed, which provided that an action should not be deemed commenced, etc., unless it should appear that the summons or other process therein had been "duly served upon the defendants *or one of them.*" The section was doubtless thus amended to obviate a construction, that else might fairly enough have been put upon it, that service upon any one of several defendants would be the commencement of an action as to *all*, and to make it plain that *only* in case where defendants were "joint contractors or otherwise united in interest" would a service upon one of them be deemed a commencement of an action as to any other.

Section 119 of the old Code of Procedure and § 448 of the present Code, afford other instances of the use of the term in dispute. The latter, which has taken the place of the earlier provision, does not essentially differ from it. Substantially the following language is used in both: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint; and when the question is one of a common or general interest of many persons, or

where the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The meaning of the term "united in interest," as used in the provision just cited, was the subject of consideration in the case of McKenzie v. L'Amoreux (*11 Barb.*, *516*). HARRIS, J., in pronouncing the opinion of the court, says: "The distinction between parties who are *united in interest*, and those who have a common or general interest, is aptly illustrated in this very case. By her will, the testatrix gave to the children of her deceased sister a legacy of $400. The plaintiffs James, Elizabeth and George are those children. They are jointly, not severally, entitled to the legacy. Like three partners suing for a debt due to them as partners, they are united in interest, and must be joined as parties. But the parties Isabella and Barbara are each entitled to a separate legacy. They have a common interest in establishing the will, and having a fund providing for the payment of the legacies, but they are not *united in interest* with each other or the other legatees." So, too, in Jones v. Felch (*3 Bosw.*, *66*) and in Bucknam v. Brett (*35 Barb.*, *598*), the term "united in interest," as used in § 119, is so construed as not to bring within that category persons standing in such relation to each other as the parties to the proceeding at bar.

The construction which the courts have put upon the language in question, in the cases above cited, must be adopted in the interpretation of § 2517 of the existing Code. The executor, upon whom the citation was duly served, is not "united in interest" with the resid-

uary legatee, or with the other persons entitled to be parties hereto, none of whom were served within the sixty days allowed by law for such service.

Counsel for the persons in whose behalf these proceedings have been conducted insist that, even if this interpretation of the statute be admitted to be correct, they are not amenable to its restrictions, because of certain supplementary proceedings instituted by them, and certain orders of the Surrogate in connection therewith.

As has been stated already, the original petition was filed on July 28th, 1883, and the citation for which it prayed was issued on the succeeding day. This citation was made returnable on September 4th. On the 24th of July, counsel presented to the Surrogate an affidavit, alleging that many of the next of kin and heirs at law of the decedent were non-residents of the State of New York . . . . that the names and residences of some of them were unknown, and could not, after due diligence, be found; that, because of unavoidable delays, no application had been made for an order to serve citation by publication, and that there was not sufficient time to duly publish the same before the return day.

The Surrogate was, therefore, asked to *extend the time for the return of the citation*, and to give direction for service by publication upon certain persons named.

This was done by orders entered on the 24th and 28th of July, and the citation was directed to be amended so as to be returnable on October 25th, instead of September 4th.

But it, nevertheless, appears that publication was not commenced until the 3rd of September, more than sixty days after the filing of the petition, and that, up to that time, no service was made upon any person entitled to be cited except the executor. It is plain that the July order did not attempt to enlarge the time within which the citation should be served, or to grant delay in the first publication.

This proceeding must, therefore, be dismissed. Of course, the application for a further extension of the return day falls with it.

Ordered accordingly.