In the Matter of the Probate of the Will of TRUST FELIX GOURAUD, deceased.

In proceedings taken under the Revised Statutes (2 R. S. 61, § 30 *et seq.*), for the revocation of the probate of a will of personal property, the contestant is not confined to matters which were not investigated and tried when the will was admitted to probate, but the whole case is left

open, and he has the right to have the questions then litigated and de-
termined tried, the same as if no adjudication had been had thereon.

To bring a case within the one year's limit fixed by said statute (§ 32) it
was not essential to have a citation issued within the year; it was sufficient
if the requisite allegations were filed with the surrogate within that
time.

*It seems* that the rule is the same under the Code of Civil Procedure
(§ 2647 *et seq.*), save that a petition in the form prescribed is required to
be filed within the year, instead of allegations.

*In re Will of Gouraud* (28 Hun, 560), reversed.

(Argued February 26, 1884 ; decided March 11, 1884.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, which affirmed an order
of the surrogate of the county of New York, dismissing alle-
gations filed by Andreas H. Gouraud to contest the probate of
the will of Trust Felix Gouraud, deceased. (Reported below,
28 Hun, 560.)

The facts are sufficiently stated in the opinion.

*William M. Mullen* for appellant. The filing of the alle-
gations of contest within the year was a sufficient compliance
with the statute. (*In re Will of Kellum*, 50 N. Y. 298, 300 ;
2 R. S., §§ 30–39 ; *Mygatt* v. *Washburn*, 1 Smith Ct. of App.
318 ; *Collier* v. *Idley*, 1 Bradf. 94.) Where the object and
design of a statute are manifest, and to construe it literally
would be to impute to the legislature an unjust and unreason-
able intent, its letter must yield to its spirit. (*Murray* v. *N.
Y. C. R. R. Co.*, 4 Keyes, 274 ; *Stief* v. *Hart*, 1 N. Y. 20 ; 1
Kent's Com. [5th ed.] 464 ; *Louvelle* v. *Hall*, 4 N. Y. 140 ;
*James* v. *Patten*, 6 id. 13, 19 ; *Wain* v. *Walters*, 5 East, 10.)

*William C. Waring* for respondent. The will having been
admitted to probate, after a contest on the part of the appel-
lant, the matter then determined became *res adjudicata* as to
him. (5 Edm. Stat. 368.) The time within which proceed-
ings could be taken under the statute had expired. The filing
of allegations, without issuing and serving a citation, was
not a sufficient compliance with the statute. (2 R. S. [Edm.
ed.], p. 61, §§ 30, 33.)

EARL, J.    Mr. Gouraud died in the city of New York, April 20, 1877, leaving a will which was admitted to probate February 16, 1878.  On the 15th day of February, 1879, the present appellant, the next of kin of the deceased, filed in the office of the surrogate allegations in writing against the validity of the will, and against the competency of the proof thereof, for the purpose of procuring the revocation of the probate thereof. These allegations were contained in a petition which closed with a prayer, that a citation might issue directed to the executrix, requiring her to appear before the surrogate of the county of New York, at a time and place to be therein specified, and show cause why the probate of the will should not be revoked. No citation was issued until the 19th day of May, 1880, when one was issued and served upon the executrix.   Upon the return of the citation, a motion was made on behalf of the executrix to dismiss the proceedings, and confirm the original probate, upon two grounds:   (1) That as between her and the appellant the matter was *res adjudicata ;* (2) that the time within which the proceedings could be taken, under the statute, had expired, the mere filing of the allegations within the year, without notice to the executrix not being a sufficient compliance with the statute.   Upon these grounds, the surrogate dismissed the proceedings, and from his order an appeal was taken to the General Term, and from affirmance there to this court. The question for our determination is whether the order of the surrogate was right upon either or both of the grounds stated:

The proceeding was taken under the provisions of the Revised Statutes. (2 R. S. 61, §§ 29, 30, 31, 32, 33, 34 and 35.) Section 29 provides, that " the probate of any will of personal property; taken by a surrogate having jurisdiction, shall be conclusive evidence of the validity of such will, until such probate be reversed on appeal, or revoked by the surrogate as herein directed, or the will be declared void by a competent tribunal."   Section 30 provides that, " notwithstanding a will of personal property may have been admitted to probate, any of the next of kin to the testator may, at any time within one year after such probate, contest the same, or the validity of

such will, in the manner herein provided." Section 31 provides that for that purpose, such relative shall file in the office of the surrogate his allegations in writing against the validity of such will, or against the competency of the proof thereof. Section 32 provides that upon the filing of such allegations, the surrogate shall issue a citation to the executors, requiring them to appear before him to show cause why the probate of such will should not be revoked. Section 33 provides that after the service of the citation the executors shall suspend all proceedings in relation to the estate of the testator, except the collection and recovery of moneys and the payment of debts, until a decision shall be had on such allegations. Sections 34 and 35 provide that at the time appointed for showing cause the surrogate shall proceed to hear the proofs of the parties, and if upon such proofs he shall decide that the will was for any reason invalid, or not sufficiently proved, he shall annul and revoke the probate thereof; and, if otherwise, he shall confirm the probate.

In the *Matter of the last Will of John Kellum* (50 N. Y. 298), RAPALLO, J., said, that it was in consequence of the conclusive effect of the probate of a will of personal property under section 29, " that the provisions were adopted which admit the next of kin, within one year thereafter, to contest the same by filing allegations against the validity of the will or the competency of the proof thereof," that " these provisions are an important safeguard against imposition or mistake, and afford the next of kin a whole year after the probate, to investigate the circumstances attending the execution of the will. No such provisions are necessary as to wills of real estate, as the probate may be repelled at any time by contrary proof."

There is nothing in the statute which confines the next of kin, in the allegations filed for the purpose of revoking probate, to such matters as were not investigated and tried when the will was admitted to probate. The adjudication admitting the will to probate is not *res adjudicata* upon the hearing of the allegations filed for a revocation of the probate. For that purpose the whole case is left open, and a party desiring to con-

test the probate in that way has the right to try over again, upon the same, or upon additional evidence, the very questions which were litigated when the will was first proposed for probate. He may, under section 31, file any allegations in writing against the validity of the will, or against the competency of the proof thereof; and the allegations thus filed, whatever they are, he has the right to have tried as if they had never before been investigated; and if upon the hearing of such allegations, the probate is confirmed, then the probate becomes conclusive against all the parties who were properly cited. These provisions of the statute may, in some cases, operate very inconveniently, and the same questions may be twice litigated, upon nearly the same evidence, before the same tribunal. But it was the design of the statute, by a general rule, to give parties a full and ample opportunity to resist the probate of a will disposing of all of the testator's property. The opportunity for litigation, as to the probate of a will of real estate, is still greater under section 15. The probate of such a will is never conclusive; and whenever title to real estate is attempted to be made under it, its validity may be resisted on precisely the same grounds that were litigated when it was admitted to probate, or upon any other grounds. The probate of a will of real estate is not *res adjudicata* against anybody; and the purpose of the section, to which reference has been made, was to secure to the next of kin ample opportunity, within one year, to procure a revocation of the probate of a will of personal property, and during that year the probate is not *res adjudicata* in any sense. Therefore, although the allegations filed for the revocation of the probate were substantially those filed against the original probate, the surrogate could not on that account refuse to hear them.

We are also of the opinion that the contest for the revocation of the probate of this will was instituted within one year after the probate. It is undisputed that the allegations as required by section 31 were filed within the year; but the objection sustained by the courts below is, that the citation

ought to have been issued and served within the year also, in order to commence the contest within the meaning of the statute. In this we think the courts erred. Section 30 provides that the next of kin may at any time within a year contest the probate. Section 31 provides how they shall contest it, and that is by filing in the office of the surrogate objections in writing against the validity of the will, or against the competency of the proof; and when these allegations have been filed, then certainly the contest has been instituted. It then becomes the duty of the surrogate, under section 32, to issue the citations and to appoint a time for the hearing. If the contestant fails to apply for, or take out citations, the executor can apply for and take them out. No harm can come from the omission on the part of the contestant to proceed further after he has filed his allegations, because the executor or any other person interested can, at the end of the year, make inquiries at the surrogate's office and find whether the allegations have been filed; and if they have been, and he desires to have them disposed of by a hearing, he can have the citations issued. So, too, if he desires to proceed, pay legacies or settle up the estate, he can institute any proceeding he desires and make the contestant a party, and have him bound by any adjudication which the surrogate may make. He is not absolutely bound to suspend his proceedings, however, until citations are served upon him.

All of the provisions to which we have referred have been substantially re-enacted in the Code. Sections 2626 and 2627 give substantially the same effect to the probate of wills of real and of personal property, as was provided in the Revised Statutes. Section 2647 provides that a person interested in the estate of the decedent may, within the time specified in the next section, present to the surrogate's court, in which a will of personal property was proved, a written petition duly verified, containing allegations against the validity of the will, or the competency of the proof thereof; and praying that the probate thereof may be revoked, and that the persons enumerated in the next section but one may be cited to show cause

why it should not be revoked. Upon the presentation of such a petition the surrogate must issue a citation accordingly. Section 2648 provides that " a petition must be presented, as prescribed in the last section, within one year after the recording of the decree admitting the will to probate." Here it is entirely clear, that under these last two sections a party who desires to institute proceedings for the revocation of a will of personal property, is in time, if within the year he presents to the surrogate a proper petition as required. Under the Revised Statutes he was required to file his allegation; under the Code he is required to file his petition within the year.

Section 2649 provides that the petition "must pray that citations may be directed to the executor, or administrator, with the will annexed," etc. The allegations filed in this case contained such a petition. Section 2650 provides that, after the service upon the executor of the citation, his proceedings are suspended; and further sections provide for the taking of proof and the decision of the surrogate. These sections of the Code being substantial re-enactments of the provisions of the Revised Statutes, may be regarded as a legislative recognition of the pre-existing law; and if there was any doubt before, they make it entirely clear now, that the filing of the allegations with the surrogate within the year, praying for the citations, was sufficient.

We are, therefore, of opinion that the orders of the General Term and of the surrogate should be reversed; and that the case should be remitted to the surrogate; costs of the Supreme Court and of this court to be paid to the appellant out of the estate, in case he shall be finally successful in his contest.

All concur.

Orders reversed.