MARY MALANEY, APPELLANT, v. NANCY CRONIN AND OTHERS, RESPONDENTS.

*Action for partition — Code of Civil Procedure, sec. 1537 — when it may be maintained, as against a purchaser in good faith from a person in possession under a devise valid on its face but in fact void.*

This action was brought by the plaintiff, as one of the heirs-at-law of Mary Malaney, deceased, who died seized of the premises described in the complaint, to cancel and declare void the will of the said Mary, by which she devised to the defendant Nancy, her daughter, the premises in question, and to cancel a deed of the said premises given by said Nancy to the defendant Pryor, and a mortgage given by Pryor to the defendant Williams, and to have the said premises partitioned or sold and the proceeds divided among the persons entitled thereto. Upon the trial of issues, settled in the action, the will was found to be void as having been procured by undue influence, imposition and fraud. Thereafter the complaint was dismissed upon the ground that the action could not be maintained, under section 1537 of the Code of Civil Procedure, the plaintiff being out of possession, and the person to whom an apparent devise had been made having conveyed the premises to one who purchased the same in good faith and without notice of any defect in the title of the devisee.

*Held*, that the court erred in so holding.

That, by the adoption of that section of the Code of Civil Procedure, the old rule, denying to a party partition of lands held adversely, was intentionally changed where such adverse holding and possession is under a devise valid on its face

but in fact void, and that this purpose ought not to be, and could not be, thwarted by a transfer of the devisee's apparent title to a party whose title and possession is no other or better than that of the devisee.

APPEAL from a judgment dismissing the complaint, entered in Oneida county, upon the decision of the justice before whom this action was tried.

This action was brought by plaintiff as the daughter and heir of Mary Malaney, deceased, who died, seized, holding and in possession of the premises described in the complaint. The action is founded on section 1537 of the Code of Civil Procedure. The relief sought is to cancel and declare void the will of said Mary Malaney, deceased, whereby she devised to her daughter, Nancy Malaney (now defendant Nancy Cronin), the premises described in the complaint; also to cancel a deed of said premises, given by said Nancy to the defendants Pryors, and also a mortgage of $1,700, given by said Pryors to defendant Elliot S. Williams, as executor, etc., of Mary Malaney, deceased; also a prayer for partition or sale of the said premises, and a division of the proceeds among the several parties entitled thereto, or for such other or further judgment or relief, or both, in the premises as shall seem equitable and just. The defense was that the said will was a valid one, and was the free act and deed of the testatrix. The case was brought on for trial at a Circuit Court held at Utica, commencing on the 10th day of May, 1886. The court, at the commencement of the trial, directed issues to be settled and stated. Thereupon, the attorneys for the respective parties agreed upon and settled such issues, which were approved by the court and embraced in an order, which was duly entered. At the commencement of the trial, defendants moved to dismiss the complaint on the grounds that it appeared from the complaint that Nancy Cronin, the devisee under the will, had conveyed the premises therein described to the defendants Pryors, which was denied. The cause was then tried, and the jury rendered a verdict on said issues, finding that the said will was procured by undue influence, imposition and fraud; and also found that said will was procured and caused to be made by said defendant, Nancy Cronin (the devisee), in her favor, by putting the testatrix in fear of her life, or some severe corporal punishment or harsh and cruel treatment. Defendants moved for a new trial on the minutes,

which was entertained, argued and denied. The cause, after having been duly placed on the calendar for a Special Term, held at Rome, was, upon defendants' application, sent to an adjourned Special Term, held at Utica, where it was tried, and thereafter a decision was filed dismissing the complaint.

The justice found, among other facts, that the defendants, Thomas J. and Harriet J. Pryor, about April 2, 1883, purchased and took a deed of the real property described in the complaint, without notice and in good faith, from defendant Nancy Cronin; that said Pryors purchased said property and took said deed, without notice of other claims, in good faith and for a fair price, and immediately entered into possession thereof under said deed, and since then have been in such possession of the property; that this action was commenced April 19, 1885, and when so commenced the defendants Pryors were in possession of said real property, holding same under their said deed, and claiming title thereto adversely to the other parties to this action; and also found, as matter of law, that this action of partition cannot be maintained under section 1537 of the Code of Civil Procedure, the plaintiff being out of possession, there having been an apparent devise of the property to another, but the devisee not being in possession under the devise.

*Edward Lewis*, for the appellant.

*Williams & McCabe*, for the respondents.

BOARDMAN, J.:

Two issues only were presented by the pleadings. First. Whether the devise of the lands, which are the subject of the action, to Nancy Cronin, defendant, was valid. Second. Whether the defendants, Prior, were purchasers from Nancy Cronin, the devisee of such land, in good faith, for value and without notice of the invalidity of the devise. The jury found the devise to be void and that Prior was a *bona fide* purchaser and in the possession of the lands under a deed good in form given by Nancy Cronin. On these facts, conceded to be true for the purposes of the present appeal, the plaintiff claimed a judgment for partition of the lands between herself, as one of the heirs-at-law of Mary Malaney, deceased, and the other heirs-at-law. This claim was resisted by the defend- ants, upon the sole ground that partition cannot be had under

section 1537 of the Code, where the apparent devisee, Nancy Cronin, is not in possession, but the Pryors are in possession, holding adversely as *bona fide* purchasers from said Nancy. The learned judge, with some hesitation, sustained the defendants' claim and dismissed the complaint. The statute under which this action was brought is comparatively new and no authority is cited covering the precise point in controversy. Chapter 238 of the Laws of 1853, first gave such a right of action, and that was repealed in 1880 when section 1537 was incorporated in the Code in its stead. Under the act of 1853 it was held by the Court of Appeals, Judge MILLER speaking for the court in *Hewlett* v. *Wood* (62 N. Y., 78), said that "an action of partition can be maintained to determine the validity of any devise or will of real estate notwithstanding an adverse possession. The action is in the nature somewhat of an ejectment; but issues of fact are to be made up and tried by a jury, and when the legal title is established, a partition or a sale may be granted upon application to the court, as the relief demanded after the main subject of the controversy has been determined by a jury." It does not appear whether that action was brought against the apparent devisee or his grantee. In the present case the Priors took the title of Nancy Cronin as heir-at-law, although her title as devisee was worthless. The Priors were, therefore, tenants in common with the plaintiff, the moment the devise was declared void. If the devise was void they could acquire no title under it. To sustain their entire title to the lands under Nancy Cronin's deed they must sustain the validity of the devise against the attack of the heir-at-law. The probate of the will is not conclusive. (*Matter of Gouraud*, 95 N. Y., 256.) When the will or devise fails their title under it fails notwithstanding their good faith. So when the devise is overthrown the Priors' title under it is gone and they remain grantees of the share of Nancy Cronin as one of the heirs-at-law. Such possession, of course, is not adverse to the plaintiff. The grantee stands in the place of the devisee and can have no greater rights. There can be no good reason why the heir may not have the same relief against the grantee as against the devisee. The intent of the law was to give a direct and prompt mode of determining the rights of the parties. Of what use, then, to require an action of ejectment to establish title

and afterwards an action of partition to ascertain the rights of the parties and make division? That seems to us precisely what the legislature intended to obviate by this new form of action. If Nancy Cronin had not been one of the heirs the position and claim of Prior might possibly have had more force. By the section 1537 whether in or out of possession, the action lies, notwithstanding an apparent devise thereof to another by the decedent and possession under such devise, that seems to authorize in a single action the determination of the validity of the devise, and if that be found. void a partition of the premises among those entitled to share therein. Nancy Cronin was a necessary party to test the devise Prior was a necessary party both as to the devise and partition. We conclude that the old rule denying to a party partition of lands held adversely was intentionally changed where such adverse holding and possession was under a devise valid on its face but in fact void. The purpose of the law, if as stated, cannot and ought not to be thwarted by a transfer of the devisee's apparent title to a party whose title and possession is no other or better than the devisee's. For these reasons we think the judgment should be reversed. No appeal has been taken from the order denying a new trial upon the issues settled and passed upon by the jury, and hence the verdict upon those issues must stand. The case must then go back to the Special Term with directions to take such further action as is required by law and the practice of the court, preliminary to a final judgment of partition among the owners of the premises in controversy. If in the setting aside the deed from Nancy Malaney (now Cronin) to Prior, and the mortgage from the Priors to the executor,. any equities are involved requiring protection, the court at Special Term will provide for the same.

The judgment is reversed and the proceedings are sent back to the Special Term for such further action as may be necessary in order to effect partition or sale of the premises. The appellant shall have costs of this appeal against the respondents.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment reversed and proceedings remitted to the Special Term with instructions to effectuate a partition.

Costs allowed to appellant against respondents.