NEW YORK COUNTY.—HON. R. S. RANSOM, SURROGATE.—June, July, 1888.

MATTER OF PHALEN.

*In the matter of the estate of* JAMES PHALEN, *deceased.*

A petitioner for the revocation of probate of decedent's will having omitted to include a legatee, named in the instrument, among those to whom the citation was directed (Code Civ. Pro.; § 2649), the execu-

tor, after the expiration of one year from the recording of the probate decree (§ 2648), and after the expiration of sixty days from the presentation of the petition for revocation, moved to dismiss the proceeding, on the ground of such omission. This motion having been granted, petitioner subsequently moved for a rehearing, which was denied, but the court allowed the petition to be amended so as to bring in the omitted party.

Fountain v. Carter, 2 *Dem.*, 313—distinguished.

MOTION to dismiss petition for revocation of probate of decedent's will, on the ground of failure to make a legatee, named in the will, a party to the special proceeding.

STEWART & SHELDON, *for Edgar Lockwood, executor, and U. S. Trust Co., trustee.*

CHAS. H. WOODRUFF, *for C. J. Phalen, petitioner.*

THE SURROGATE.—It is only necessary, for the purpose of deciding this motion, to consider one proposition. The petition for revocation of probate omits one party necessary to be brought in under the Code —namely, the petitioner's own wife, who is named in the will as a legatee. It is now too late to remedy this defect. Although the case presented by the petitioner for revocation on this application appeals strongly to the sympathy of the court, still the jurisdiction in this regard being purely statutory, nothing remains but to dismiss the petition (see 2 *Dem.*, 313; 95 *N. Y.*, 256; 1 *Dem.*, 387).

THE petitioner for revocation of probate having made a motion for a rehearing of the application to dismiss his proceedings, which was denied, asked leave to amend the petition by bringing in the uncited

party,—which was granted on July 12th, 1888, the following opinion being given:

THE SURROGATE.—This is an application to amend the petition heretofore filed herein, and being a proceeding to revoke the probate of the will of decedent, is objected to on the ground that a new party cannot be brought in after the period limited for the commencement of the proceeding has expired. The will was admitted to probate on the 8th day of April, 1887, and the petition for revocation was filed April 5th, 1888, and citation issued thereon, returnable May 31st, 1888. The petition filed herein has initiated this proceeding (Matter of Gouraud, 95 *N. Y.*, 256). Section 2517 Code of Civil Procedure, which was the subject of consideration in the case of Fountain v. Carter (2 *Dem.*, 313), I regard as inapplicable in the particular in which it requires the service of the citation within sixty days, as herein mentioned. That requirement I consider as entirely confined to the cases of persons who have actually been made parties to the proceeding, and to whom the citation has been issued. The person omitted here is not such a party. I shall, therefore, grant the prayer of petitioner.

[NOTE.—The history of § 2517 of the Code of Civil Procedure is of interest.

Section 74 of the (old) CODE OF PROCEDURE declared: " Civil *actions* can only *be commenced* within the periods prescribed in this title," etc. The caption of the Title, in which that section occurred, was: "*Time* of *commencing* civil *actions*." In nearly every

section, from § 73 to § 98 (the old statute of limitations), occurred a phrase, involving the words "action" and "commence," and which was employed in declaring the *time* within which such *commencement* must be effected.

Thus the inquiry inevitably arose—"*when* is an *action* deemed to have been *commenced,* so as to stop the running of the statute of limitations?" or "what is the *commencement* of an *action,* within the meaning of the foregoing provisions *limiting* the *time* for the *commencement* thereof?" The answer to this inquiry, which was twofold or in the alternative, was contained in the same title, and embodied in the two sentences of § 99, viz.: (1) "An *action* is *commenced* as to each defendant when the summons is served on him," etc.; and (2) "An attempt to *commence* an *action* is deemed equivalent to the *commencement* thereof, *within the meaning of this title,* when the summons is delivered . . . . . to the sheriff," etc.

The commissioners to revise the statutes, appointed in 1870, reproduced in substance these provisions in the Code of Civil Procedure. In chapter 4 (the present statute of limitations), section 380 declares: "The following *actions* must be *commenced* within the following periods," etc.; section 388 provides that an *action* not elsewhere limited *must be commenced* within ten years; and the words "action" and "commence," as in the former Code, occur repeatedly in the chapter. Hence the same inquiry arises here, as above noted in the former statute; and the answer is contained in §§ 398 and 399 of the present Code,

which are reproductions of the two sentences of the old section 99 (*supra*).

Section 398 says: "An *action* is *commenced* against a defendant, WITHIN THE MEANING OF ANY PROVISION OF THIS ACT WHICH LIMITS THE TIME FOR COMMENCING AN ACTION, when the summons is served on him," etc.; and section 399 says: "An attempt to *commence* an *action*, in a court of record, is equivalent to the *commencement* thereof, WITHIN THE MEANING OF EACH PROVISION OF THIS ACT WHICH LIMITS THE TIME FOR COMMENCING AN ACTION, when the summons is delivered. . . . . to the sheriff," etc. That is to say, the running of the statute, upon an accrued cause of action, may be stopped in either of two ways, viz.: (1) *commencing* an action, in the ordinary sense of the term, to wit, by service of process; or (2) by a sort of constructive *commencement*, or attempt to *commence*—consisting of a delivery of process to the sheriff.

The point urged is that the only *raison d'être* of § 399 is the assumed existence of other sections, in the Code (such as § 380, *supra*), which say in so many words: "*an action* for such or such a purpose, must be *commenced within* such or such a *time*;" the whole gist of the section (399) being its *reference* to the words "commencement of an action," occurring in the other sections, and the *permission* which it contains to translate *those words* in the liberal manner above described.

In framing § 399, the commissioners added a clause requiring a plaintiff, who desires to make a delivery of the summons to a sheriff equivalent to a commence-

ment of the action, to serve, or commence advertisement against, his defendant within sixty days, etc. (see Throop's annotated Code, § 399, note).   Thus far, as regards actions.

Next, as to special proceedings.   The old Code had little to say on this subject.   After startling the reader by announcing (§§ 2, 3) that "an action is an ordinary proceeding," while "every other remedy is a special proceeding,"—that is to say, the distinction between an *action* and a *special proceeding* is, that the former is "ordinary," and the latter extraordinary (which is equally untrue and absurd)—it proceeded to expend all its reforming energy on the newly created "civil action," and left the laws regulating the numerous special proceedings scattered through the revised statutes and the session laws, uncollated and unrevised.

It was an essential feature of the plan of the Commissioners of 1870, to bring this latter mass of statutory regulations into the Procedure act, unify the practice therein, and assimilate it, where feasible, to the practice in civil actions.   Probably no branch of practice was more confused, uncertain and diverse in the source of its regulations, than that appertaining to Surrogates' courts; and more labor was expended on chapter 18 than on any equal bulk of matter in any other part of the Code.   Every remedy which can be invoked in those courts is a special proceeding.   A new provision was inserted (§ 2516), establishing the rule that the uniform mode of commencement is by "the *service* of a citation."   *In analogy to* § 399, a new section (§ 2517) was inserted, providing that "The presenta-

tion of a petition is deemed the commencement of a special proceeding, *within the meaning of any provision of this act which limits the time for the commencement thereof.*"

Here the presentation of the petition is the equivalent of the delivery of the summons to the sheriff in an action; and a like safeguard was added, that, in order to entitle a petitioner thus to *translate* the words of any section, which required him to "*commence a special proceeding*" within a specified time, he must serve, or begin advertisement against, a respondent within sixty days, etc.    ————

It was, doubtless, a part of the plan of the Revision, that there should be found, scattered through chapter· 18, provisions identical with § 380, declaring *within what time* various special proceedings "*must be commenced*"; upon which sections, accordingly, section 2517 would operate by way of reference.  But in the many re-castings, additions and emendations to which the chapter was subjected, from the time of the Commissioners' First Draft, to September 1st, 1880, when the chapter became law, such sections or expressions, if any, disappeared, and section 2517

Jacet (ingens) litore truncus,
Avulsumque humeris caput, et sine nomine corpus!   .

From one end of the chapter to the other, no section containing the language: " A special proceeding for (a purpose stated) must be *commenced* within (a time specified),"—"*the meaning of*" *which language* it is the sole function of § 2517 to explain,—occurs.

It was not to be wondered that the courts, in Pryer v. Clapp (1 *Dem.*, 387), and Fountain v. Carter (2 *id.*,

313), proceeded upon the reasonable and generous assumption that this section meant something, and accordingly enlisted it in the service of explaining "the meaning of" § 2648, wherein is absolutely nothing to be explained. The latter section requires a person seeking revocation of probate of a will to present his petition within a year from the probate. If he *does this,* he need pay no further attention to time limitations; if he *fails to do this,* his remedy is barred. To assume or announce that § 2648 is a provision "which limits the time for the commencement of a special proceeding," within the meaning of § 2517, and thus subject the petitioner under the former section to the necessity of observing the sixty days' clause of the latter, or lose his remedy, is the result of a confusion of ideas. Judge EARL shows, in 95 *N. Y.,* on pages 261, 262, that under § 2648, a party who has *presented his petition* within the year specified—which is all that he is directed to do—need not do something else in order to save his remedy; also that, when the petition has been filed, the court has enough power, in respect of forcing the proceeding to a conclusion, to obviate the direful results, depicted in 28 *Hun,* on page 563, arising from waiting "ten years before suing out a citation."

We thus arrive at a conclusion not only consistent with, but necessarily involved in the *dictum* in Matter of Gouraud (95 *N. Y., supra*),—that § 2517 and § 2648 have no relation to each other.—REP.]