### In re PHALEN'S WILL.

*(Surrogate's Court, New York County.   July, 1888.)*

1. WILLS—REVOCATION OF PROBATE—PARTIES—LEGATEES.
   A petition for revocation of probate of a will, omitting a legatee as a party, should be dismissed.

2. SAME—AMENDMENT.
   The petition may be amended by making the omitted legatee a·party, though the time limited for the commencement of the proceeding itself has expired, as Code Civil Proc. N. Y § 2517, providing that a special proceeding is instituted when a petition is presented, if citation is served within 60 days thereafter on the adverse party, or on one or more of the adverse parties who are united in interest, does not apply to such a case.

Petition by C. J. Phalen to revoke the probate of the will of James Phalen,. deceased.   The executor, Edgar Lockwood, moved to dismiss the petition for want of parties, which was granted, and the plaintiff moved to amend the petition by bringing the omitted party.

*Chas. H. Woodruff*, for petitioner.   *Stewart & Sheldon*, for Edgar Lock-·wood, executor, and the United States Trust Company, trustee.

RANSOM, S.   It is only necessary, for the purpose of deciding this motion, to consider one proposition.   The petition for revocation of probate omits one· party necessary to be brought in under the Code, namely, the petitioner's own wife, who is named in the will as a legatee.   It is now too late to remedy this defect.   Although the case presented by the petitioner for revocation on this. application appeals strongly to the sympathy of the court, still, the jurisdiction in this regard being purely statutory, nothing remains but to dismiss the petition.   See *Fountain* v. *Carter*, 2 Dem. Sur. 313; *In re Gouraud*, 95 N. Y. 256; *Pryer* v. *Clapp*, 1 Dem. Sur. 387   The petitioner for revocation of· probate, having made a motion for a rehearing of the application to dismiss his proceedings, which was denied, asked leave to amend the petition by bringing in the uncited party, which was granted on July 12, 1888, the following opin-·ion being given: "This is an application to amend the petition heretofore filed herein, and, being a proceeding to revoke the probate of the will of decedent, is objected to on the ground that a new party cannot be brought in after the period limited for the commencement of the proceeding has expired. The will was admitted to probate on the 8th day of April, 1887, and the petition for revocation was filed April 5, 1888, and citation issued thereon, re-·turnable May 31, 1888.   The petition filed herein has initiated this proceeding.   *In re Gouraud*, 95 N. Y 256.   Section 2517, Code Civil Proc., which was the subject of consideration in the case of *Fountain* v. *Carter*, 2 Dem. Sur. 313, I regard as inapplicable in the particular in which it requires the service of the citation within 60 days, as herein mentioned.   That requirement I consider as entirely confined to the cases of persons who have actually been made parties to the proceeding, and to whom the citation has been issued. The person omitted here is not such a party.   I shall therefore grant the prayer of petitioner."