WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—October, 1888.

MATTER OF BONNETT.

*In the matter of the application for the revocation of
the probate of the will of* ZALMON BONNETT, *deceased.*

The pendency of an appeal from so much of a decree of the Surrogate as
construes a will in reference to the destination of lapsed legacies, does
not bar an application for the revocation of the probate of the will upon
the grounds that the testator had not testamentary capacity, and was
unduly influenced.

The provision of section 2517 of the Code of Civil Procedure requiring the
service of a citation upon the adverse parties within sixty days after
the presentation of a petition, is applicable to a proceeding under sec-
tions 2647, 2648 *et seq.* of the Code of Civil Procedure, for the revoca-
tion of the probate of a will.

APPLICATION for revocation of the probate of the
will of Zalmon Bonnett, deceased.

The decree admitting the will of the decedent to
probate, was entered June 20, 1887. Dyckman Odell,
a next of kin, contested the probate on various grounds,
much testimony being taken with a view to sustaining
his objections. He also asked for a construction of
the will, involving the ultimate destination of certain
legacies alleged to be void, he claiming that they
must pass to the next of kin, if void, while it was
claimed, on the other hand, that they must fall into
the residuum, there being a residuary clause in the
will. It was decided that they must be regarded as
falling under the provisions of that clause. From
this decision, so construing the will, he appealed and

MATTER OF BONNETT.

the decision of the Surrogate was sustained by the Supreme Court (46 *Hun* 529). He then appealed to the Court of Appeals, and that appeal is still pending. On the 19th day of June, 1888, he presented a petition containing allegations against the validity of the will, substantially the same as the objections interposed by him on the probate, praying that a decree be made revoking said probate, and that a citation be issued, etc. The citation was accordingly issued on the same day. Among the legatees named in the citation were Margaret King, Elizabeth Odell and The Missionary Society connected with the Protestant Episcopal Church in Bishop Potter's diocese. The legacies were given to them severally, and were different in amounts. It was served on Elizabeth Odell on the 20th day of August, on Margaret King on the 22d of August, and on said Society on the 29th day of August.

MINOTT M. SILLIMAN & ODLE CLOSE, *for petitioner.*

WILLIAM H. SAGE, *for* WILLIAM H. ALLEE, *executor :*

The proceeding should be dismissed: First, because of the pending appeal; and second, because the citation was not served on all the parties within sixty days after it was issued.

HORACE RUSSELL, *for the American Society for the Prevention of Cruelty to Animals.*

THE SURROGATE.—The learned counsel opposing this application first took the ground that, as the petitioner had opposed the original probate on substantially the same grounds as those alleged in his petition in this matter, the prayer should be denied and the proceeding dismissed; citing as an authority the case of Matter of Gouraud, 28 *Hun* 560, but finding that

the Court of Appeals, in 95 *N. Y.* 256, had reversed that decision upon that point, the ground was abandoned.

It is insisted, however, that the present proceeding should be dismissed because of the pending appeal from the decree admitting the will to probate. Whatever force there might be in such an objection, is broken by the fact that that appeal was taken from so much of the decree only, as construed the will in reference to the destination of the lapsed legacies. Whether the appellate court shall hold that decision to be correct or incorrect in that respect it will not affect the questions as to whether the will was executed in pursuance of the statutory requirements, by a person having testamentary capacity, and whether or not he was unduly influenced. If, on the proceeding to revoke probate, the decision should be adverse to the validity of the will, the final determination of the question of construction will be of no further moment than as a determination of an abstract point. If, on the contrary, the will should be reproven here, the decision on the appeal would furnish a guide to this court on the accounting of the executor, and in framing the decree directing distribution of the estate. That appeal is, therefore, in no sense, a bar to this proceeding.

The only remaining question for consideration is, whether this court has lost jurisdiction by reason of the citation not having been served on all the parties within sixty days after it was issued. The date when it was issued is June 19, 1888, and it was returnable on the 4th day of September following. It was served

on Elizabeth Odell, Margaret King and the Missionary Society on the 20th, 22d, and 29th days of August respectively, which was more than sixty days after it was issued, and was not served on another legatee, named in it, at all. The Code provides by §§ 2647, 2648 for a case of this kind; substantially in accordance with the provision of the 2 R. S. 61, §§ 30, 31, with some slight changes. The petition must be presented within one year after the recording of the decree admitting the will to probate. That was done in this case; and § 2517 declares that the presentation of a petition is deemed the commencement of a special proceeding within the meaning of any provision of that act, which limits the time for the commencement thereof; but it further declares that, in order to entitle the petitioner to the benefit of that section, a citation issued upon the presentation of the petition, must within sixty days thereafter, be served upon the adverse party, or upon one of two or more adverse parties who are jointly liable or otherwise united in interest, or, within the same time, the first publication thereof must be made, etc. But it has been suggested that § 2517 is not applicable here because § 2516 provides that " except in a case where it is otherwise prescribed by law, a special proceeding in a Surrogate's Court, must be commenced by the service of a citation, issued upon the presentation of a petition," and that, as § 2648 limits the time for the presentation of the petition only, and not for the " commencement " of the proceeding by serving a citation, this case does not come within the provisions of § 2517. As there is no provision in chapter 18 of the Code which limits

the time for the commencement of a special proceeding, unless this be one, and one other of the same character hereafter mentioned, then the section has no application whatever. It cannot be found in the report of the commissioners made in 1875, but first appears in that made by them in 1878. In neither of those reports was there, nor is there in that chapter of the Code as enacted, any section limiting the time for the commencement of a special proceeding, other than those already alluded to.

In the construction of statutes, effect must be given to the intent of the legislature, whenever it can be discerned, though such construction seem contrary to the letter of the statute. Smith v. People, 47 *N. Y.* 330, and cases cited; People *ex rel.* Wood v. Lacombe, 99 *Id.* 43. In the last case, MILLER, J., says, " A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the law-makers." Now, in view of the fact that there were only two provisions in the chapter limiting the time within which proceedings should be begun, it is but a reasonable construction to apply the provisions of the section to them. By the Revised Statutes no time was fixed within which the citation should be served, in consequence of which an endless delay and vexatious consequences might result, as is shown in the opinion in 28 *Hun, supra,* which could not be obviated in the manner indicated by the court in 95 *N. Y.* 256, namely, by the executor causing the citation to be issued and served. It would seem a strange and novel practice for an executor to procure to be issued upon another's petition and to serve a

citation upon himself—in other words, to sue himself. By applying this section to revocation proceedings, the whole difficulty is obviated, and that was, doubtless, the legislative intent. If we substitute for the word "commencement" its equivalent "beginning" we should then have no hesitation in reaching that intent; for the presentation of a petition is the beginning of a proceeding; the first step; and the petition is a proceeding in the matter. Stradling v. Morgan, *Plowden's Rep.* 205.

The section in question cannot, in this respect, refer to sections 398 to 414 inclusive of the Code, under the head of "general provisions" relating to the statute of limitations, because, although the last named section makes the provisions of the chapter the only rules of limitations applicable to a civil action or special proceeding, except where a different limitation is specially prescribed by law, yet here is a limitation different from any other contained in the Code. In all other respects, the limitations as prescribed in chapter 4, are made applicable to all special proceedings, as well in Surrogates' courts as elsewhere; and hence, there was no apparent necessity for the enactment of § 2517 unless it were to provide for a case of this character. The exception in § 2516 clearly has reference to special proceedings relating to the time of commencing proceedings in Surrogates' courts only.

In the case of Pryer v. Clapp, 1 *Dem.* 387, this court held, on a similar state of facts, that it had lost jurisdiction because the citation had not been served within the sixty days. This was followed by the case of Fountain v. Carter, 2 *Dem.* 313, in which Surro-

gate ROLLINS gives the same interpretation of these sections. He also conclusively shows that, where separate legacies are given, the several legatees are not united in interest within the meaning of the section, and that the citation must be served on each within the time specified. Undoubtedly, in this case, the presentation of the petition is the commencement of the proceeding, but the service of the citation must be made within the sixty days, or the proceeding falls. The same considerations are applicable to the time and mode of instituting a proceeding to sell real estate for the payment of debts. Section 2750 provides that, within three years after the granting of letters, a petition may be presented, etc., whereupon the Surrogate shall issue a citation. Here the time to initiate the proceeding is also limited by the act, and the citation must be served within the same time. It seems, as has been stated, that these are the only instances in the Code where the time is limited within which a proceeding must be begun, and the provisions of § 2517 must be applicable equally to both, or else it must be meaningless. But courts are bound to give such a construction to a statute as will not suffer it to be defeated. People v. Utica Ins. Co., 15 *Johns.* 358; Jackson v. Lewis, 17 *Id.* 475; Dwarris on Stat. 690. In Potter's Dwarris on Stat. 123, will be found this rule as laid down by Vattel, "The interpretation which renders a treaty (or statute) null and void, can not be admitted. It is an absurdity to suppose that after it is reduced to terms, it means nothing. It ought to be interpreted in such a manner as that it may have effect and not be found vain and illusive."

The case of Matter of Gouraud, 95 *N. Y.* 256, has no application here, as the case arose before chapter 18 of the Code was enacted and was governed by the prior law. Before the Code there was no time fixed within which the citation, in a case of this kind, should be served. The learned judge, who delivered the opinion in that case, cites certain sections of the Code, not as applicable to the case he was considering but to show that they were substantial re-enactments of the provisions of the Revised Statutes, which required the application to be made, or the filing of the allegations to be done within the year. The effect of § 2517 was, in no manner, considered or discussed, for the sufficient reason, as mentioned, that it was not enacted until after the case had been decided in the Surrogate's Court.

It seems very clear that the application should be dismissed, and it is so ordered.