## *In re* LIDDINGTON'S WILL.

*(Supreme Court, General Term, Fourth Department.  January, 1889.)*

1. WILLS—CAPACITY TO MAKE.
    Testator, by his will and codicil thereto, gave a large part of his estate to a nephew of his wife, who was his trusted legal adviser, the draughtsman of the will and codicil, and whom he named as executor and trustee.  The codicil was made three years after the will, when testator was 92 years old.  When the instruments were executed, he was feeble, deaf, and nearly blind, and his memory so poor that at times he did not know his near neighbors and friends.  He was subject to periodical attacks of illness, during which his mind wandered.  His disposition of the property was different from his intentions previously expressed, and his subsequent statements of the contents of the instruments.  It was not shown that he ever read or heard them read, or that he knew their contents.  *Held*, that the surrogate was justified in revoking the probate of the will and codicil, as neither their due execution nor testator's mental capacity was sufficiently proved.

2. SAME—REVOCATION OF PROBATE—APPEAL—INTEREST OF PETITIONERS.
    If the question of the pecuniary interest of the petitioners in a proceeding for the revocation of the probate of a will is not raised before the surrogate, it will not be considered on appeal from a judgment revoking such probate.

3. SAME—TIME OF FILING PETITION—NEW PARTIES.
    Though more than the year prescribed by Code Civil Proc. N. Y. § 2648, within which a petition for the revocation of probate of a will may be filed has elapsed, interested persons may be made parties to a petition already filed when the year expired.

Appeal from surrogate's court, Tompkins county.

Petition by Frederick Liddington and others to revoke the probate of the will of Valentine Liddington, deceased.  From a decree of revocation Charles D. Nixon, executor and residuary legatee under said will, appeals.  Code Civil Proc. N. Y. § 2648, requires a petition for revocation of probate of a will to be filed within a year after such probate.

Argued before FOLLETT, P. J., and MARTIN and KENNEDY, JJ.

*Mynderse Van Cleef*, for appellant.  *Simeon Smith*, for respondents.

MARTIN, J.  On March 24, 1884, Valentine Liddington died at the town of Caroline, in Tompkins county, leaving what purported to be his last will and testament, and a codicil thereto.  The will was claimed to have been made January 20, 1881, and the codicil, February 23, 1884.  By this will the testator's wife was given the net income of all his estate during the term of her natural life, and, if insufficient for her maintenance and support, his executor was authorized to use such of the principal as he deemed necessary for that purpose.  Valentine Liddington, a nephew, was given 96 acres of land, such gift to take effect upon the death of the testator's widow; and upon this land was charged the payment of certain legacies, amounting to about $700, which were payable at her death.  Certain small legacies were then given, amounting to but a few hundred dollars; and the rest, residue, and remainder of the testator's estate was given to Charles D. Nixon, who was made the executor of, and trustee under, said will, with full power to sell all the real and personal estate of which such testator died seised, except said 96 acres devised to Valentine, provided he should pay the charges thereon, and convert the same into money, and invest the same in any securities he might think proper, wherever they might be taken, giving him full and unlimited control and discretion as to any and all investments, and providing that he should not be liable for any loss therefrom, except for willful and gross negligence.  By the codicil, that portion of the 96 acres of land mentioned in the will which lay north of a certain road, except so much as was purchased of Thomas Woodruff by the testator, was given to Frederick Liddington, subject to the charges and liens thereon mentioned in said will; and all of the 96 acres lying southerly of such road, and all of the Woodruff farm north of such highway, were given to Valentine Liddington, subject to the charges thereon in the will provided for, and

the codicil then provided that such charges and liens should be paid equally by Frederick and Valentine. The testator them revoked the most of the legacies given by his will, and provided that they should remain a charge upon such land, and "go" to his said residuary legatee. The testator left him surviving a widow, but no child or children, or descendants thereof. His heirs and next of kin were F. G. Liddington, Valentine Liddington, Fannie English, Phebe Payne, Helen Strong, and Mary A. Ganoung, who were his nephews and nieces. After the death of such testator, and on October 9, 1884, the will and codicil were admitted to probate by the surrogate's court of Tompkins county, without objection, on the petition of Charles D. Nixon, the executor, trustee, and residuary legatee named therein, and letters testamentary were issued to him. On October 6, 1885, and within one year after the will and codicil were admitted to probate, a petition, duly made and verified by Frederick Liddington and Valentine Liddington, was presented to the surrogate's court of that county, asking that said Nixon and all persons interested in said probate should be cited to appear and show cause why the probate of said will should not be revoked. Citations for that purpose were duly issued to such executor, and certain other parties interested in such probate, but none were issued to said Mary A. Ganoung or Phebe Payne. They, however, subsequently appeared and asked to be, and were, admitted as parties to this proceeding. A trial was then had before the surrogate's court, and resulted in the decree appealed from.

On the trial the court found "that for the three years and upwards before his death said Liddington, the testator, was subject to sick spells, occurring more or less frequently, and lasting from a half hour to several hours' duration, and during which he wandered in his mind, and did not know the attendants who surrounded him; that he finally died in one of the so-called 'spells;' that for five years and upwards before his death the deceased was afflicted with deafness, impaired eye-sight, and a memory so poor that at times he did not know his near neighbors or friends whom he had been acquainted with for many years; that at the time said will and codicil were executed said testator had upon him the infirmities of mind and body incident to extreme old age, and was in a condition to be easily influenced by those surrounding him, and in whom he had confidence. Said will and codicil were drawn by Charles D. Nixon, a lawyer who had for a number of years been the legal and confidential adviser of the deceased. He was a nephew also of the testator's wife, but of no blood relation to the testator. Said will and codicil were not in accordance with the testator's previous expressed intentions as to the manner in which he should dispose of his property, nor in harmony with his statements as to how he had disposed of the same after he had executed said will and codicil. There is no evidence that said testator knew the contents of said will and codicil at the time he executed them. There is no evidence that he ever read them, or had them read to him before their execution."

The surrogate declined to find that at the time of the execution of said last will and testament, or of the codicil thereto, said Valentine Liddington was of sound mind and memory, and not under any restraint or undue influence, or that he acted freely and naturally, and had testamentary capacity, and refused to hold that the said Valentine Liddington was competent to make a last will and testament on the 20th day of January, 1881, or that he was competent to make a last will and testament on the 23d day of February, 1884, or that said will and codicil were valid and legal instruments.

We think that the surrogate's court was justified by the evidence in finding the facts found by it, and in declining to find as requested by the appellant. But the appellant contends that the facts found did not justify the decree appealed from. The statute under which this proceeding was instituted provides: "If the surrogate decides that the will is not sufficiently proved to be the last will of the testator, or is, for any reason, invalid, he must make a de-

cree revoking the probate thereof." Code Civil Proc. § 2652. In a proceeding like this, where the allegations are sufficient to question the validity of the will, the executor, or those interested against the allegation, must prove the will *de novo*. The probate is of no force in a proceeding instituted directly to impeach the probate itself, (*Collier* v. *Idley*, 1 Bradf. Sur. 94; *Hoyt* v. *Hoyt*, 9 N. Y. St. Rep. 740; *Cooper* v. *Benedict*, 3 Dem. Sur. 136; *In re Gouraud*, 95 N. Y. 256;) so that the questions before the surrogate's court were the same as though this had been a proceeding to prove the will and codicil in the first instance. In such a proceeding, if it appear to the surrogate that the will was duly executed, and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint, it must be admitted to probate, (Code Civil Proc. § 2623;) but if, upon all the evidence, the surrogate is not satisfied that the will was properly executed, or that the testator at the time of executing it was in all respects competent to make a will, and not under restraint, then the court is bound to pronounce its opinion that the instrument is not entitled to probate. *Delafield* v. *Parish*, 25 N. Y. 34; *Cooper* v. *Benedict*, 3 Dem. Sur. 136, 137; *Lee* v. *Dill*, 11 Abb. Pr. 214; *Van Pelt* v. *Van Pelt*, 30 Barb. 134; *In re Clausmann*, 5 N. Y. St. Rep. 329; *In re Paige*, 62 Barb. 476; *Forman* v. *Smith*, 7 Lans. 443.

Assuming the facts as found, and it can readily be understood how the surrogate might not have been satisfied that this will was properly executed, or that the testator was in all respects competent and free from restraint. The testator was upward of 92 years of age when the codicil was made. He was and had been subject to periodical attacks, during which his mind wandered, and he failed to recognize those around him. He was deaf; his eye-sight was impaired; and he had a memory so poor that at times he did not know his near neighbors and friends. When these instruments were executed he was in a condition to be easily influenced by those around him. They were prepared by the appellant, who was his legal and confidential adviser, and who, although not a relative, was made the executor, trustee, and residuary legatee under said will and codicil. The will and codicil were not in harmony with the testator's expressions of his intended disposition of his estate, nor with his statements after they were made as to the disposition he had made of it. Neither was there any evidence that he knew the contents of either the will or the codicil. It was not shown that either was read by him or read to him. We think these facts, under the legal rules applicable in such a proceeding, fully justified the learned surrogate in revoking the probate of said will and codicil.

The appellant now claims that the petitioners had no pecuniary interest in the testator's estate, and hence could not properly institute these proceedings. The appeal book fails to show that any such question was raised in the court below. We therefore think it unnecessary to consider that question further than to say that it cannot be successfully raised here for the first time.

It is also contended by the appellant that the surrogate's court erred in permitting Phebe Payne and Mary A. Ganoung to be made parties to this proceeding after more than one year had elapsed from the time when such will and codicil had been admitted to probate. We do not think so. In *Re Gouraud*, 95 N. Y. 256, it was held that to bring a case within the limit fixed by the statute it was sufficient if the requisite petition was filed within the year. We think the principle of that case decisive of the question. There are no other questions raised by the appellant which seem to require consideration. We are of the opinion that the decree appealed from should be affirmed. Decree affirmed, with costs of this appeal against the executor personally. All concur.