WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SUR-
ROGATE.—July, 1883.

## PRYER V. CLAPP.

### *In the matter of the application for revocation of probate of the will of* DESIRE A. CLAPP, *deceased.*

The jurisdiction of a Surrogate, relating to the revocation, upon petition, of the probate of a will, is wholly statutory, and the statute must be strictly followed.

The will of the testatrix was admitted to probate November 7th, 1881, none of the persons cited appearing. On November 6th, 1882, petitions for the revocation of such probate were filed by certain next of kin, under Code Civ. Pro., § 2647. A citation was accordingly issued February 21st, 1883, and was first served upon a party February 23d, 1883. A motion was made to dismiss the proceedings upon the ground, among others, that the citation was not served within the time limited by Code Civ. Pro., § 2517.—

*Held*, that the Surrogate lost jurisdiction by the failure to serve the citation on one of the adverse parties within sixty days after the presentation of the petition, and that the motion must be granted.

A variance between a citation and a copy thereof served is curable by amendment, where the respondent has appeared.

*It seems*, that, under Code Civ. Pro., § 2647, relating to revocation of probate of a will upon petition, and providing that, *"upon the presentation of* . . . a petition, the surrogate must issue a citation accordingly," it is the duty of that officer, *at once*, upon the presentation of the petition, to issue the process appropriate to the case.

Upon a petition for revocation of probate of a will, as a matter of right, the Surrogate is governed by the provisions of Code Civ. Pro., §§ 2647–2653; and he cannot grant relief under id, § 2481, subd. 6, authorizing him "to open, vacate, modify or set aside . . . a decree or order of his court," etc.

Where a Surrogate has lost jurisdiction of a cause by failure to serve a citation within the time prescribed by statute, the error is not cured by a voluntary general appearance, which, by Code Civ. Pro., § 424, is made equivalent to personal service of process, the objection being not that there has been no service, but that service has not been made within the requisite time.

THE will of the decedent was, after service of a citation upon all parties interested, duly proved and admitted to probate, on November 7th, 1881. Decedent was the wife of George H. Clapp, who was named as executor in her will, and survived her. She died seized of a large estate, both real and personal, and left no descendants. Her heirs-at-law and next of kin were two aunts, an uncle and several first cousins, all of whom were cited to attend the proving of the will, and none of whom appeared thereupon.

On Nov. 6th, 1882, the uncle, James Pryer, and one of the cousins, John S. Rapelye, filed written petitions praying for the revocation of the probate of said will, under § 2647 of the Code. A citation was issued on Feb. 21st, 1883, pursuant to the prayers of the petitions, directed to the proper persons, and was served on one of such persons on Feb. 23d, 1883. This was the date of the first service thereof upon any of the parties. The citation issued contained the names of all of the persons to be cited, but the copies, made under the direction of the petitioners, contained each only the name of the person on whom it was to be served. Counsel for the executor moved to dismiss the proceedings, (1) because of the irregularity in the copies of the citation; (2) because the citation was not served within the time limited by Code Civ. Pro., § 2517; (3) because petitioners had no interest in the matter.

J. W. HOWE *and* JOSEPH H. CHOATE, *for the executor.*

ETHEN ALLEN, JOSEPH S. WOOD *and* KNOX & WOODWARD, *for the petitioners.*

THE SURROGATE.—The learned counsel for the petition-

ers is mistaken as to the practice of this court in regard to the contents of the copies of the citation to be served. The uniform practice is to make them correspond with the original, including all the names embraced in the original citation, otherwise they would not be copies. But that is an irregularity which may be cured in various ways, and is hardly worthy of serious consideration in this case, where the parties objecting have appeared.

By § 2647 of the Code, "a person interested in the estate of the decedent" may, within the time specified in the next section, which is within a year after the recording of the decree admitting the will to probate, present to the Surrogate's court, in which a will of personal property was proved, a duly verified written petition, containing allegations against the validity of the will, etc., and praying that the persons in interest may be cited to show cause why it should not be revoked. "Upon the presentation of such a petition, the Surrogate must issue a citation accordingly." The petitions in this matter were filed Nov. 6th, 1882, but the citation was not issued until Feb. 21st, 1883, nor served on any person to whom it was directed until two days afterwards, which was about one hundred days after the filing of the petitions. The counsel for the executor insist that this delay is fatal to the proceeding. I think this view is correct. By § 2517, the presentation of a petition is deemed the commencement of a special proceeding, within the meaning of any provision of the act which limits the time for the commencement thereof. "But, in order to entitle the petitioner to the benefit of this section, a citation, issued upon the presentation of the petition, must, within sixty days thereafter, be served" upon

one or more of the adverse parties. In both sections, the word "upon" is used in the sense of "at the time of;" thus, in § 2647, it would read, "at the time of the presentation of the petition, the Surrogate must issue a citation accordingly," and in § 2517, "a citation, issued at the time of the presentation of the petition, must, within sixty days thereafter, be served," etc. The word "thereafter" cannot relate to the word "citation" alone, because it cannot be predicated upon what, of itself, indicates no point of time, but it does clearly relate to the time of issuing the citation, which must be "issued upon the presentation of the petition." The duty of the Surrogate is to, at once, on the presentation of an application, issue the process appropriate to the case. Undoubtedly, he may defer to the wishes, in that respect, of counsel having charge of the proceeding, which was probably done in this instance; but if, through his own neglect, or through inadvertence of counsel, he lose jurisdiction, I cannot see how, in a case like the present, it can be regained. The jurisdiction of Surrogates, relating to revocation of probate, is wholly statutory. In exercising the power, we can, in no way, alter or disregard the provisions of the statute. We cannot say we will turn the hands back upon the dial, and thus bring the act done within the period limited.

It is insisted, however, by counsel for the petitioners, that this court has power, under subd. 6 of § 2481, under the prayer in the petitions for general relief, to set aside the probate, and to try the question of the validity of the will. It ought to be sufficient to say that the petitions are not framed with any regard to invoking action under that section. No reason is alleged why the decree

should be opened, vacated, modified, set aside, or entered as of a former time; or why a new trial or hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause should be granted. The applications are made as matter of right under the provisions of Article 2 of Title 3 of Ch. 18, and not as matters addressed to the favor and sound discretion of the court under above subd. 6.

Again, it is urged, by counsel for the petitioners, that § 424 of the Code, which is made applicable to Surrogates' courts, obviates the objection that the citation was not issued in time. It provides that "a voluntary general appearance of the defendant is equivalent to personal service upon him." Granting this, I cannot perceive its application to this case. The objection is not that there was no personal service, for there was, but that it was not made within the time prescribed by law. I have, however, looked through the papers, and fail to find any such paper as indicates "a voluntary general appearance" of any of the parties cited. The nearest approach to it exists in stipulations to adjourn the hearing from time to time. At the very first hearing before me, the objections herein considered were raised, and, I think, the right to raise them has, in no way, been lost.

Having thus concluded to dismiss the proceeding upon the ground taken, I do not deem it necessary to consider the objection raised as to lack of interest, which the moving parties have in the premises.

The estate is said to amount to several millions of dollars in value, and, as it must be assumed that the petitioners have acted in good faith, it is to be regretted that

a lack of due vigilance operates to prevent them from asserting their alleged claims.

Ordered accordingly.