### *In re* BONNETT'S WILL.

#### (*Surrogate's Court, Westchester County.*  October, 1888.)

1. WILLS—PROBATE—PROCEEDINGS TO REVOKE—PENDING APPEAL.
   The fact that an appeal is pending from that part of a decree admitting a will to probate which determines the disposition of lapsed legacies, does not bar an application to revoke the probate on the ground that the will is invalid.

2. SAME—CITATION—TIME OF SERVING.
   Code Civil Proc. N. Y. § 2517, requiring a citation, issued on presentation of the petition in a special proceeding in a surrogate's court, to be served on the adverse party within 60 days after the petition is presented, applies to the citation required to be issued by the surrogate court, under section 2647, on presentation of a petition to revoke the probate of a will.

Petition for the revocation of the probate of the will of Zalmon Bonnett, deceased.

Zalmon Bonnett died leaving a will, which was duly admitted to probate on June 20, 1887, and William H. Allen qualified as his executor. The probate was contested by Dykman Odell, the next of kin, on the ground that the will was invalid, and, at the same time, a construction thereof was sought, to determine whether certain legacies, which were claimed to be void, would go to said Odell, as next of kin, or would fall into the residuum, and pass under the residuary clause. The surrogate decided that they would fall into the residuum, and so decreed, at the same time admitting the will to probate. Odell appealed to the general term from so much of the decree only as related to these lapsed legacies, and the decision of the surrogate was affirmed. 46 Hun, 529. An appeal from the general term to the court of appeals is now pending. On June 19, 1888, Odell presented his petition to have the probate of the will revoked on the ground that the will was invalid. The citations were not served on the legatees in the will until more than 60 days after presentation of the petition, and on some of them were not served at all. The executor seeks to have the petition dismissed on the ground that the appeal from the decree admitting the will to probate is still pending, and on the ground that the citations were not served on the adverse parties within 60 days from presentation of the petition. Code Civil Proc. N. Y. § 2516, provides that, "except in a case where it is otherwise specially prescribed by law, a special proceeding in a surrogate's court must be commenced by the service of a citation issued upon the presentation of a petition." Section 2517 declares: "The presentation of a petition is deemed the commencement of a special proceeding, within the meaning of any provision of this act which limits the time for the commencement thereof. But, in order to entitle the petitioner to the benefit of this section, a citation, issued upon the presentation of the petition, must, within sixty days thereafter, be served  *   *   * upon the adverse party.  *   *   *" Section 2647 provides that "a person interested in the estate of the decedent may, within the time specified in the next section, present to the surrogate's court, in which a will of personal property was proved, a written petition, duly verified, containing allegations against the validity of the will, or the competency of the proof thereof; and praying that the probate thereof may be revoked, and that the persons  *   *   * may be cited to show cause why it should not be revoked. Upon the presentation of such a petition, the surrogate must issue a citation accordingly."

*Minott M. Silliman* and *Odle Close,* for petitioner.   *William H. Sage,* for the executor.

COFFIN, S.  The learned counsel opposing this application first took the ground that, as the petitioner had opposed the original probate on substantially the same grounds as those alleged in his petition in this matter, the prayer should be denied, and the proceeding dismissed, citing as an authority

the case of *In re Gouraud*, 28 Hun, 560; but, finding that the court of
appeals, in 95 N. Y. 256, had reversed that decision upon that point, the
ground was abandoned.   It is insisted, however, that the present proceeding
should be dismissed because of the pending appeal from the decree admitting
the will to probate.   Whatever force there might be in such an objection is
broken by the fact that that appeal was taken from so much of the decree
only as construed the will in reference to the destination of the lapsed lega-
cies.   Whether the appellate court shall hold that decision to be correct or
incorrect in that respect, it will not affect the questions as to whether the
will was executed in pursuance of the statutory requirements, by a person
having testamentary capacity, and whether or not he was unduly influenced.
If, on the proceeding to revoke probate, the decision should be adverse as to the
validity of the will, the final determination of the question of construction
will be of no further moment than as a determination of an abstract point.
If, on the contrary, the will should be reproven here, the decision on the
appeal would furnish a guide to this court on the accounting of the executor,
and in framing the decree directing distribution of the estate.   That appeal
is therefore in no sense a bar to this proceeding.

The only remaining question for consideration is whether this court has
lost jurisdiction by reason of the citation not having been served on all the
parties within 60 days after it was issued.   The date when it was issued is
June 19, 1888, and it was returnable on the 4th day of September following.
It was served on Elizabeth Odell, Margaret King, and the missionary society
on the 20th, 22d, and 29th days of August, respectively, which was more
than 60 days after it was issued, and was not served on another legatee,
named in it, at all.   The Code provides by sections 2647, 2648, for a case of
this kind, substantially in accordance with the provision of 2 Rev. St. p. 61,
§§ 30, 31, with some slight changes.   The petition must be presented within
one year after the recording of the decree admitting the will to probate.
That was done in this case; and section 2517 declares that the presentation of
a petition is deemed the commencement of a special proceeding, within the
meaning of any provision of that act which limits the time for the com-
mencement thereof; but it further declares that, in order to entitle the peti-
tioner to the benefit of that section, a citation issued upon the presentation of
the petition must, within 60 days thereafter, be served upon the adverse
party, or upon one of two or more adverse parties who are jointly liable or
otherwise united in interest, or, within the same time, the first publication
thereof must be made, etc.   But it has been suggested that section 2517 is
not applicable here, because section 2516 provides that, "except in a case
where it is otherwise specially prescribed by law, a special proceeding in a
surrogate's court must be commenced by the service of a citation, issued upon
the presentation of a petition;" and that, as section 2648 limits the time for
the presentation of the petition only, and not for the "commencement" of the
proceeding by serving a citation, this case does not come within the pro-
visions of section 2517.   As there is no provision in chapter 18 of the Code
which limits the time for the commencement of a special proceeding, unless
this be one, and one other of the same character hereafter mentioned, then
the section has no application whatever.   It cannot be found in the report of
the commissioners made in 1875, but first appears in that made by them in
1878.   In neither of these reports was there, nor is there in that chapter of
the Code as enacted, any section limiting the time for the commencement of a
special proceeding, other than those already alluded to.

In the construction of statutes, effect must be given to the intent of the
legislature, whenever it can be discerned, though such construction seems
contrary to the letter of the statute.   *Smith* v. *People*, 47 N. Y. 330, and
cases cited; *People* v. *Lacombe*, 99 N. Y. 43, 1 N. E. Rep. 599.   In the last
case, MILLER, J., says: "A reasonable construction should be adopted in all

cases where there is a doubt or uncertainty in regard to the intention of the law-makers." Now, in view of the fact that there were only two provisions in the chapter limiting the time within which proceedings should be begun, it is but a reasonable construction to apply the provision of the section to them. By the Revised Statutes, no time was fixed within which the citation should be served, in consequence of which an endless delay and vexatious consequences might result, as is shown in the opinion in 28 Hun, *supra*, which could not be obviated in the manner indicated by the court in 95 N. Y. 256, namely, by the executor causing the citation to be issued and served. It would seem a strange and novel practice for an executor to procure to be issued upon another petition, and to serve a citation upon himself; in other words, to sue himself. By applying this section to revocation proceedings, the whole difficulty is obviated, and that was, doubtless, the legislative intent. If we substitute for the word "commencement" its equivalent, "beginning," we should then have no hesitation in reaching that intent; for the presentation of a petition is the beginning of a proceeding,—the first step,—and the petition is a proceeding in the matter. *Stradling* v. *Morgan*, Plowd. 205.

The section in question cannot, in this respect, refer to sections 398–414, inclusive, of the Code, under the head of "general provisions" relating to the statute of limitations; because, although the last-named section makes the provision of the chapter the only rules of limitations applicable to a civil action or special proceeding, except where a different limitation is specially prescribed by law, yet here is a limitation different from any other contained in the Code. In all other respects, the limitations, as prescribed in chapter 4, are made applicable to all special proceedings, as well in surrogates' courts as elsewhere; and hence there was no apparent necessity for the enactment of section 2517, unless it were to provide for a case of this character. The exception in section 2516 clearly has reference to special proceedings relating to the time of commencing proceedings in surrogates' courts only.

In the case of *Pryer* v. *Clapp*, 1 Dem. Sur. 387, this court held, on a similar state of facts, that it had lost jurisdiction because the citation had not been served within the 60 days. This was followed by the case of *Fountain* v. *Carter*, 2 Dem. Sur. 313, in which Surrogate ROLLINS gives the same interpretation of these sections. He also conclusively shows that, where separate legacies are given, the several legatees are not united in interest within the meaning of the section, and that the citation must be served on each within the time specified. Undoubtedly, in this case, the presentation of the petition is the commencement of the proceeding; but the service of the citation must be made within the 60 days, or the proceeding falls. The same considerations are applicable to the time and mode of instituting a proceeding to sell real estate for the payment of debts. Section 2750 provides that, within three years after the granting of letters, a petition may be presented, etc., whereupon the surrogate shall issue a citation. Here the time to initiate the proceeding is also limited by the act, and the citation must be served within the same time. It seems, as has been stated, that these are the only instances in the Code where the time is limited within which a proceeding must be begun, and the provisions of section 2517 must be applicable equally to both, or else it must be meaningless. But the courts are bound to give such a construction to a statute as will not suffer it to be defeated. *People* v. *Insurance Co.*, 15 Johns. 358; *Jackson* v. *Lewis*, 17 Johns. 475; Dwar. St. 690. In Potter's Dwar. St. 128, will be found this rule as laid down by Vattel: "The interpretation which renders a treaty (or statute) null and void cannot be admitted. It is an absurdity to suppose that, after it is reduced to terms, it means nothing. It ought to be interpreted in such a manner as that it may have effect, and not be found vain and illusive." The case of *In re Gouraud*, 95 N. Y. 256, has no application here, as the case arose before chapter 18 of the Code was enacted, and was governed by the prior law. Be-

fore the Code there was no time fixed within which the citation, in a case of this kind, should be served. The learned judge who delivered the opinion in that case cites certain sections of the Code, not as applicable to the case he was considering, but to show that they were substantial re-enactments of the provisions of the Revised Statutes, which required the application to be made, or the filing of the allegation to be done, within the year. The effect of section 2517 was in no manner considered or discussed, for the sufficient reason, as mentioned, that it was not enacted until after the case had been decided in the surrogate's court. It seems very clear that the application should be dismissed, and it is so ordered.