DANIELS and BARTLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

IN THE MATTER OF THE APPLICATION OF CHARLES JAMES PHALEN FOR THE REVOCATION OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF JAMES PHALEN, DECEASED.

*Petition to revoke a will must be filed within one year from the recording of the decree admitting it — Code of Civil Procedure, secs. 2648, 2649 — the citation need not be served within that time nor within the sixty days required by section 2517 — when an order of a surrogate, refusing to dismiss a petition, is not appealable — a surrogate may issue supplementary citations to bring in necessary parties.*

Upon an appeal from an order of a surrogate denying a motion to dismiss a petition and amending the same, and also from an order directing that a supplementary citation be issued, it appeared that, on April 8, 1887, the will of James Phalen, deceased, was admitted to probate, and that, on the 5th of April, 1888, a petition for the revocation of such probate was filed by the petitioner and that a citation was issued thereon.

*Held,* that the order denying the motion to dismiss the petition was not appealable, as whether the surrogate should or should not upon the return of the citation decline the relief asked by the petitioner, was a matter to be then determined, and although the surrogate might, upon sufficient facts shown, have dismissed the application before such return day, his refusal to do so was in no way a final adjudication upon the matter from which an appeal could be taken.

The appeal from that part of the order which amended the petition and directed the issuance of the supplementary citation was taken upon the ground that the surrogate had no power to entertain the motion, inasmuch as the statute of limitations had run in favor of the parties cited, who were not parties to this proceeding at its initiation.

*Held,* that, under the provisions contained in sections 2648 and 2649 of the Code of Civil Procedure, the presentation of a petition for the revocation of a decree admitting a will to probate, within one year of the time of the recording of the

decree admitting it to probate, relieved the petitioner from the objection that the limitation of time fixed by these sections had expired.

That there was nothing whatever in these sections requiring service of the citation in order to prevent the statute of limitations attaching, and that all that was required was that the petition should be presented within the year.

A claim was made by the appellant that it was necessary, by reason of the provisions contained in section 2517 of the Code of Civil Procedure, in order to prevent the statute of limitations finally attaching, that the citation issued should be served within sixty days after the presentation of the petition.

*Held*, that an examination of this section showed that it had no application whatever to the proceeding which was initiated before the surrogate in this case.

That the surrogate was authorized to issue the supplementary citation in question for the purpose of bringing into the proceeding, which had already been initiated, those parties whom it was necessary to have in court before him in order that there might be a complete adjudication upon the subject-matter presented.

APPEAL from an order of the surrogate of the county of New York, entered on September 27, 1888, denying a motion to dismiss a petition and amending the same; and, also, from an order directing that a supplemental citation be issued, entered on the same day.

*J. J. Macklin*, for Catharine S. Phalen and others, appellants.

*E. W. Sheldon*, for the executors, appellants.

*C. H. Woodruff*, for Charles J. Phalen, respondent.

VAN BRUNT, P. J.:

The order denying the motion to dismiss the petition is clearly not appealable, as whether the surrogate should or should not, upon the return of the citations, decline to grant the relief asked by the petitioner, is a matter to be then determined, and although the surrogate might, upon sufficient facts shown, have dismissed the application before such return day, his refusal to do so is in no way a final adjudication upon the matter upon which an appeal could be taken.

The appeal from that part of the order amending the petition and from the order directing the issuance of a supplemental citation, presents a different question, and one which must be considered upon its merits. The principal grounds upon which the appeal is based is want of authority upon the part of the surrogate to entertain

the motion in that the statute of limitations had run. There seems to be no question but that a court has no power to deprive a party of a statute of limitations which has run in his favor by bringing him in as a party to an action already pending. If the statute has attached, devices of this kind cannot be successfully resorted to in order to deprive a party of that repose which the statute has given him; but it seems to us that a brief examination of the section of the Code under which this proceeding is initiated will show that, in favor of the parties who were not parties to this proceeding at its initiation, no statute of limitation had run.

On the 8th of April, 1887, the will of James Phalen, deceased, was admitted to probate, and on the 5th of April, 1888, the petition for revocation by the petitioner was filed and a citation issued thereon. This was done pursuant to the provisions of section 2647 of the Code, which provides that a person interested in the estate of the decedent may, within the time specified in the next section, present to the Surrogate's Court, in which a will of personal property has been proved, a written petition, duly verified, containing allegations against the validity of the will or the competency of the proof thereof, and praying that the probate thereof may be revoked, and that the persons enumerated in section 2649 may be cited to show cause why it should not be revoked, and the surrogate is required, upon the presentation of such a petition, to issue a citation accordingly.

Section 2648 provides that such a petition must be presented within one year after the recording of the decree admitting the will to probate. And section 2649 prescribes that the petition must pray that the citation may be directed to the executor or administrator with the will annexed, to all the devisees and legatees named in the will, and to all other persons who were parties to the special proceeding in which probate was granted. It is to be observed, upon a consideration of these sections, that the presentation of a petition of the character mentioned, within one year of the recording of the decree admitting the will to probate is in time, and prevents the petitioner from being shut out from the relief granted by the statute, because the limitation of time had expired. There is nothing whatever in the section in reference to the necessity of the service of a citation in order to prevent the statute of limita-

tions attaching. All that is required is that the petition shall be presented within a year.

In the case at bar a petition seeking the relief provided by section 2647 was presented within a year. It is true that such petition was defective in respect to some of the parties. But under the general power which the surrogate has to amend proceedings, he had a right to allow the amendment of this petition, which was defective in some of its allegations. By the filing of the petition the surrogate had acquired jurisdiction of the proceeding, and the proceeding had been initiated precisely the same, as by the service of a summons in an action upon an infant the court acquires jurisdiction, and the proceedings looking to the appointment of a guardian which may be upon their face fatally defective, are the subject of amendment.

But it is claimed that by reason of section 2517 of the Code, it is necessary, in order to prevent the statute of limitations finally attaching, that the citation issued should be served within sixty days after the presentation of the petition. An examination of this section, however, seems to show that it has no application whatever to the proceeding which was initiated by the surrogate in this matter. The language of this section is : " The presentation of a petition is deemed the commencement of a special proceeding within the meaning of any provision of this act which limits the time for the commencement thereof." In the section under which this petition was filed, there is no special proceeding referred to, nor is there any limit of time fixed in the succeeding section which is dependent upon the commencement of any special proceeding. The limitation is determined by the doing of a specific act ; and although the provisions of section 2517 are in harmony with the provisions of section 2648, still there being no question of a special proceeding in this section, it could not have been intended that section 2517 should apply. That section applies to those provisions of the statute which provide that within a certain time a certain proceeding shall be taken, and the presentation of a petition is to be deemed the commencement of this proceeding, as in the case of a summons the delivery of a summons to the sheriff for the purpose of service is equivalent to the commencement of an action against the defendant, and prevents the attaching of the statute of limitation, provided

certain other requirements are subsequently complied with. In the case at bar, therefore, by the presentation of the petition in question the statute was prevented from running.

The authority of the surrogate in a proceeding which has already been commenced to issue a supplemental citation does not seem at all doubtful. By subdivision 2 of section 2481 the surrogate, in court or out of court, has power, where all persons who are necessary parties have not been cited or notified, to issue a supplemental citation for the purpose of bringing in these parties. Under this provision of the Code, therefore, the surrogate had ample authority to issue the supplemental citation in question for the purpose of bringing into the proceedings, which had already been initiated, those parties who were necessary to be in court before him, in order that there might be a complete adjudication upon the subject-matter presented. We are, therefore, of the opinion that the petition was filed in time to prevent the running of the statute, and that the surrogate had power to amend the petition and to bring in those parties who had not been previously named, and who were necessary parties for the complete determination of the subject-matter; and that it was a matter within the discretion of the surrogate, even if a proper case had been made out, whether or not to dismiss the petition upon the application of the adverse parties, and that, the not having done so, in no measure precludes him from disposing finally of the application upon the grounds presented upon this preliminary application to dismiss.

The appeal from the order denying motion to dismiss the petition should be dismissed, and the orders amending the petition and directing the issuance of a supplemental citation should be affirmed, with ten dollars costs and disbursements.

Brady and Macomber, JJ., concurred.

So ordered.