### *In re* HAMILTON'S WILL.

##### (*Surrogate's Court, Westchester County.* February, 1890.)

1. WILL—PROBATE—PROCEEDINGS TO SET ASIDE.

    Code Civil Proc. § 2481, subd. 6, provides that a surrogate has power to open, vacate, or set aside a decree or former order of his court for fraud, newly-discovered evidence, or other sufficient cause, and that this power must be exercised only in a like case, and in the same manner, as a court of general jurisdiction exercises the same power. *Held*, that an application to set aside a decree probating a will of "personal and real property" must be made under said section, and not under section 2647, which provides for setting aside a decree probating a will of "personal property."

2. SAME—FORM OF PROCEEDINGS—PRACTICE.

    In such case the application is made on affidavits praying for an order that the decree be vacated, and that all persons interested may be cited to show cause why such order should not be made.

3. SAME—CITATION—TO WHOM DIRECTED.

    The citation in such proceeding should be directed to the heirs at law and next of kin who were cited to attend the probate, and the legatees, if any, who do not belong to either class, and were not required to be cited.

4. SAME—ORDER.

    Where, in such case, the application is made on the ground that a later will has been discovered, and the facts established are deemed sufficient to justify it, an order should be made setting aside the decree, provided the later will is admitted to probate.

5. SAME—PROOF OF LATER WILL.

    Where such order is made, the usual proceedings should subsequently be had to prove the later will.

6. SAME.

    If, in such case, the later will is not admitted to probate, the original decree remains in full force.

Proceeding to set aside the decree probating a will of real and personal property of Alexander Hamilton, deceased. After the decree was entered, a will bearing a later date than the one probated was discovered among the papers of the deceased, which contained a clause revoking the will and codicil admitted to probate.

*Ogden, Beekman & Ogden*, for petitioners.

COFFIN, S. Before the enactment of the present Code, it had been held that the surrogate had, among his incidental powers, that of setting aside and vacating a decree admitting a will to probate, on the discovery of a will of later date; but the mode of procedure to reach such a result was not then, nor is it under the present Code, very distinct, nor am I aware of any settled practice upon the subject now subsisting. It would seem, however, that an application should be made upon proper affidavits, under subdivision 6 of section 2481 of the Code,[1] which authorizes the surrogate to open, vacate, modify, or set aside, in certain cases, a decree of his court, praying for an order that the decree be vacated, and that all persons interested might be cited to show cause why such order should not be made. The citation should be directed not only to the heirs at law and next of kin who were cited to attend the probate, but also the legatees, if any, who did not belong to either class, and were not required to be cited. By the admission of the will to probate, such legatees at once became parties in interest, whose rights could not be affected except upon notice. The later will may not have made them legatees at all, and it may have materially affected the rights of the heirs at law and next of

---

[1] Code Civil Proc. § 2481, provides as follows: "A surrogate, in court or out of court, as the case requires, has power: * * * (6) To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court, or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers. * * * *"

kin as fixed by the prior one. On the return day of the citation, if there were no opposition, or if there were, and the proper facts stated in the petition and affidavits were established and deemed sufficient to justify it, an order would be made setting aside the decree, provided the later will should be sufficiently established to warrant its admission to probate. Then, in case it would not be, the original decree would stand. If the order prayed for were granted as suggested, then the usual proceedings would be had to prove the later will. If successful, it would, as above stated, operate to make the order of revocation final. If, on the contrary, it failed, the original decree would remain of full force.

It is insisted, however, by the counsel for the executors, that a proceeding for the revocation of probate may be instituted under article 2, c. 18, Code, (section 2647.) The history of that article seems to be as follows: Under 2 Rev. St. 61, §§ 30, 31, etc., and under Laws 1837, c. 380, as embodied in 3 Rev. St. 142, § 24, etc., (5th Ed.,) a proceeding of that character was confined exclusively to the revocation of wills of personal property; but it was held, in Re Kellum, 50 N. Y. 298, that where the probate related to a will of both real and personal estate the surrogate had power to revoke it as to the personal estate only, while it would stand as a will of real estate. The section of the Code referred to, as originally reported by the commissioners, provided for proceedings for the revocation of probate, without confining it to a will of personal estate only, thus seeking to avoid the ruling in Re Kellum, supra, but the legislature saw fit to add the words "of personal property" after the word "will," and so, in that respect, leaving it as it stood under the act of 1837, and the decision above referred to. As this will relates to both real and personal estate, the desired result cannot, therefore, be attained under a proceeding of that character, and the only remedy is to be found under section 2481. The course indicated should be pursued in this instance.