DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and motion to change place of trial to Albany county granted, with ten dollars costs to abide the event of the action.

---

In the Matter of the Probate of the Last Will and Testament of ALICE W. BRADLEY, Deceased ; MERRITT E. BRADLEY, Petitioner, Appellant ; JOHN R. BRADLEY and Others, Respondents.

*Revocation of probate — a person interested in the estate — service of the citation — supplemental citation.*

The fact that a person, who was named in the citation issued upon an application to have a will relating to personal property admitted to probate, appeared upon the return of the citation and filed objections to the probate, but did not appear to substantiate the same upon the adjourned day, and the will was thereupon admitted to probate, does not estop such person from thereafter proceeding, by petition under section 2647 of the Code of Civil Procedure, to apply for a revocation of the probate, upon the same grounds which were presented by his prior objections.

The term "a person interested in the estate," used in said section 2647 to designate those who are entitled to commence proceedings by petition thereunder for the revocation of probate, is not confined to legatees named in the will, but includes next of kin of the decedent.

*Semble*, that the term "a person interested in the estate," was adopted in the Code in place of the term "next of kin," used in the Revised Statutes, in order to give persons other than the next of kin, but who were interested in the estate, such as a widow for instance, the right to petition.

An "heir at law" is not, as such, "a person interested in the estate" under a will relating to personal property only, and a petition for the revocation of the probate of such a will, under said section 2647, which alleges that the petitioner is an heir at law of the decedent, without stating his relationship or whether he is a next of kin, is insufficient to show that the petitioner is a person interested in the estate and, therefore, entitled to institute the proceeding.

The provision of section 2517 of the Code of Civil Procedure, that "The presentation of a petition is deemed the commencement of a special proceeding within the meaning of any provision of this act which limits the time for the com-

mencement thereof; but in order to entitle the petitioner to the benefit of this section, a citation issued upon the presentation of the petition must within sixty days thereafter be served," etc., does not require the citation to be served within sixty days after the presentation of the petition, but means that it must be served within sixty days after the citation is issued by the Surrogate's Court.

A petition for the revocation of the probate of a will of personal property under section 2647 of the Code was presented to the Surrogate's Court two days before the expiration of the one year after the admission of the will to probate limited by section 2648 for the presentation of such a petition; a citation was thereupon issued which was defective as to parties and which as to certain parties was not served at all; on the return thereof, more than sixty days after the presentation of the petition, an amended or supplemental citation was issued by the surrogate, which was served upon certain of the parties named therein, and publication as to the other parties was commenced, within sixty days after its issuance.

*Held*, that the proceedings were regular.

A citation issued by a surrogate after and in place of an original citation, where there has been a failure to serve all the parties necessary or where other persons than those named therein were necessary parties to the proceeding, is a "supplemental citation," which a surrogate is authorized, by section 2481 of the Code, to issue under such circumstances, although it may not be marked "supplemental."

APPEAL by the petitioner, Merritt E. Bradley, from a decree of the Surrogate's Court of Wyoming county, entered in the office of the surrogate of that county on the 10th day of June, 1892, dismissing the appellant's petition for the revocation of the probate of the will of Alice W. Bradley, deceased, and ratifying and confirming the probate of the will.

*Johnson & Charles*, for the appellant.

*L. A. Hayward*, for the respondents.

HAIGHT, J.:

On the 24th day of June, 1890, a paper purporting to be the last will and testament of Alice W. Bradley, deceased, was admitted to probate by the surrogate of Wyoming county. On the 22d day of June, 1891, the appellant petitioned that court for a decree revoking the probate, and for "such other or further relief as may be just." On the receipt of such petition the surrogate issued a citation directed to the legatees named in the will, citing them to appear at a Surrogate's Court to be held in that county on the 8th day of

September, 1891, at ten o'clock A. M., then and there to show cause why the probate of such will should not be revoked. Most of the legatees being non-residents of the State, an order of publication was made, and the citation was duly published in a newspaper known as the *Wyoming County Leader* for six successive weeks; but, through a mistake of some of the employees of the Perry *Herald*, it was published in that paper but four weeks. On the return day of the citation it appeared that John R. Bradley had not been served, and that the executor named in the will, L. A. Hayward, had not been made a party to the proceeding. The appellant thereupon applied to the surrogate to issue a supplemental citation including the name of Hayward as a party, which motion was granted; and that citation was regularly served. It was made returnable on the 9th day of November, 1891, at which time the respondents through their attorney moved that the proceedings be dismissed, upon the following grounds:

" 1. The petition to revoke the probate is made by Merritt E. Bradley, who was a party to the proceedings under which the letters testamentary were issued, and was named in the citation as one of the next of kin of the deceased. On the return day of the citation, May 26th, 1890, he appeared by his attorneys and filed his objection to the probate of the will. The objections were identical with those now presented as grounds for revoking the probate. The case was adjourned upon his application to June 24th, 1890, to give him time to support his objections by competent proof. On the adjourned day he did not appear, and the will was then admitted to probate. He has had his day in court, and is now estopped from further contest of the will upon the grounds urged before and settled by the decree.

" 2. The petitioner in this case is not one of the persons authorized by the Code (section 2647) to institute a proceeding of this kind, as he is not interested in the estate. The former statute from which this section is partly taken, allowed 'any of the next of kin' to make the application. It is now necessary, under the above section, that the petitioner have a present pecuniary and existing interest in the estate. This petitioner has no interest whatever, not even a contingent one, as he gets nothing under the will.   *   *   *

" 3. The surrogate had no power to issue a second citation that

was not even supplemental to the original citation, but one wholly new. There is no statute authorizing the issuing of such a citation ninety-one days after filing the petition, as was done in this case. It is the duty of the surrogate at once, on the presentation of the petition, to issue the citation.

"4. This case comes under the definition of special proceedings as given in sections 3333–4 and section 3343, subdivision 20 of the Code ; and in a special proceeding, section 2517 of the Code, requires that service of a citation be made within sixty days after the presentation of the petition. The proof here shows that no service was made upon any of the parties, and no publication of the citation was made until 100 days after. The surrogate lost jurisdiction of the case by the failure to make service within the time required by law.

"5. The jurisdiction of a surrogate relating to the revocation upon petition of the probate of a will, is wholly statutory, and the statute must be strictly followed. It cannot be altered or disregarded."

This motion was granted, and from the decree entered thereon this appeal was taken.

Section 2647 of the Code of Civil Procedure provides that " A person interested in the estate of the decedent may, within the time specified in the next section, present to the surrogate's court in which a will of personal property was proved, a written petition, duly verified, containing allegations against the validity of the will, or the competency of the proof thereof, and praying that the probate thereof may be revoked, and that the persons enumerated in the next section but one may be cited to show cause why it should not be revoked. Upon the presentation of such a petition, the surrogate must issue a citation accordingly."

The next section provides that the petition must be presented within one year after the recording of the decree admitting the will to probate.

It is claimed, as we have seen, that the appellant is estopped from presenting a petition under the provisions of the Code, for the reason that, on the return of the citation issued upon the application to have the will admitted to probate, he appeared and filed objections to such probate, and did not appear to substantiate the same upon the adjourned day thereafter. We do not so understand the Code. The provision is broad. " A person interested in the estate "

may present the petition "within one year after the recording of the decree admitting the will to probate." The evident purpose was to afford a safeguard against imposition or mistake, and to afford a means of relief in the case of the discovery of new evidence. This question has been fully considered in *The Matter of the Probate of the Will of Gouraud* (95 N. Y. 256, 258, 259) and in *The Matter of the Will of Kellum* (50 id. 298), in which it was held that the petitioners had the right to have the whole question litigated and determined the same as if no adjudication had been had thereon. It is true that those cases arose under the revised statute, but in the former case, the provisions of the Code were discussed and stated to be substantially to the same effect.

We cannot assent to the proposition that "a person interested in the estate" must be a legatee under the will. Such a construction of the provision would virtually nullify the statute. It would deprive the next of kin who were not fortunate enough to be legatees of the right of the review given by the Code. Ordinarily, the persons who receive the benefits under a will are interested in the maintaining of it. Under the Revised Statutes, it was provided that "any of the next of kin" might present the petition. Under the Code, "a person interested" may present it. The change in phraseology was doubtless made for a purpose, and was doubtless intended to give others than the next of kin, but who were interested in the estate, such as a widow, for instance, the right to the petition.

The petition does not show that the appellant is "a person interested," under the provisions of the Code. It does allege that he is an heir at law. It does not state his relationship, or whether he is a next of kin. He may be an heir at law and not a next of kin. An heir at law may be entitled to take real estate by descent, and yet he may not be entitled to a share in the distribution of the personal estate. Under the provisions of the Code, these proceedings are limited to wills of personal property. There may be a will disposing of both real and personal property, and the proceedings may be instituted as to such a will, but in such proceedings the devisees are not necessary parties, and the revocation, if made, would only extend to the personal property. (*In the Matter of the Will of Kellum*, 50 N. Y. 298, 300; *In the Matter of Hamilton*, 2 Connolly, 268.)

It does not, therefore, appear from the allegations of the petition that the appellant is a person interested in the personal estate of the deceased. But a stipulation appears in the appeal book which we think cures this defect. It was stipulated, "That the appellant herein, Merritt E. Bradley, was a party to the proceedings under which letters testamentary were issued, and was named in the citation as one of the *next of kin* of deceased, but was not named in the said will either as legatee, devisee, executor or otherwise ; *that he is an heir at law and next of kin of said deceased.*" It thus appears from the stipulation of the parties that the petitioner was a next of kin, and if a next of kin, under the Statute of Distribution he would be entitled to his portion of the personal property of the deceased not disposed of by will.

Section 2516 of the Code of Civil Procedure provides that "Except in the case where it is otherwise especially prescribed by law, a special proceeding in a Surrogate's Court must be commenced by the service of a citation issued upon the presentation of a petition. But upon the presentation of the petition the court acquires jurisdiction to do any act which may be done before actual service of citation."

Section 2517 provides that "The presentation of a petition is deemed the commencement of a special proceeding within the meaning of any provision of this act which limits the time for the commencement thereof ; but in order to entitle the petitioner to the benefit of this section, a citation issued upon the presentation of the petition must within sixty days thereafter be served, as prescribed in section 2520 of this act," etc.

It is claimed that the citation must be served within sixty days after the presentation of the petition. We do not so understand the provision. It must, however, be served within sixty days after the citation is issued by the court. This is made clear by the provision of section 2519. But it is said that the citation issued in this case was not served within sixty days. It is true that the first citation was not properly served at all, and an amended, or supplemental, citation was issued, which was properly served within the statutory time. In *The Matter of the Will of Gouraud (supra)*, the petition was presented but one day before the expiration of the year, but the citation thereon was not issued for over three months

thereafter, more than ninety days after the proceedings had been commenced and the surrogate had acquired jurisdiction; and yet it was held that the proceedings were regular.

Code of Civil Procedure, section 2481, provides that "A surrogate in court or out of court, as the case requires, has power:

"1. To issue citations to parties in any matter within the jurisdiction of his court, and in a case prescribed by law to compel the attendance of a party.

"2. To adjourn from time to time a hearing or other proceeding in his court; and where all persons who are necessary parties have not been cited or notified, and citation or notice has not been waived by appearance or otherwise, it is his duty before proceeding further so to adjourn the same, and to issue a supplemental citation, or require the petitioner to give an additional notice, as may be necessary."

Here we have express authority giving to the Surrogate's Court the power to issue a supplemental citation where there has been a failure to serve all the parties necessary, or where other persons are necessary parties to the proceeding. Such a citation was issued in this case. It was not necessary that it should be marked "supplemental." The fact that it was issued after and in place of the other made it a supplemental citation, and it was served, or the publication thereof commenced, within the sixty days after it was issued, as required by section 2517. (*In the Matter of the Last Will of Phalen, Deceased,* 51 Hun, 208; *In the Matter of the Will of Liddington, Deceased,* 20 N. Y. St. Repr. 610, 615.)

The cases of *Pryer* v. *Clapp* (1 Dem. 387); *Fountain* v. *Carter* (2 id. 313); and *In re Bonnett* (1 Connolly, 294), as to the questions herein discussed, must be considered as overruled by the cases referred to.

The decree should be reversed and the proceedings remitted to the Surrogate's Court of Wyoming county to proceed thereon, the costs to abide the final award of costs.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Decree of the Surrogate's Court of Wyoming county appealed from reversed, and the proceedings remitted to that court to proceed thereon, costs to abide the final award of costs.