(32 Misc. Rep. 419.)

In re VAN VLECK.

(Surrogate's Court, New York County. August, 1900.)

1. EXECUTORS AND ADMINISTRATORS—PROCEEDINGS TO SELL DECEDENT'S REAL ESTATE—TIME FOR FILING—CITATION—SERVICE.

Code Civ. Proc. § 2750, provides that a petition to sell land for the payment of decedent's debts must be filed within three years after granting of letters, and section 2517 declares that the filing of a petition shall be deemed the commencement of a special proceeding, within the statute of limitations, "but, in order to entitle the petitioner to the benefit of this section, a citation issued upon the presentation of the petition must be served within 60 days thereafter." Petition to sell land was filed January 24, 1896, the letters having been issued January 25, 1893, and a citation issued April 5, 1900, and served within 60 days. *Held*, that the proceedings were commenced within the prescribed time, and, though the citation did not issue promptly on the filing of the petition, the proceedings were not rendered void, such citation having been served within 60 days after being issued, as required.

2. SAME—WILLS—CONSTRUCTION—DEBTS CHARGED ON REAL ESTATE.

A will providing that, after the payment of testatrix's debts and funeral expenses, she gave, devised, and bequeathed, etc., does not charge her debts on her real estate.

3. REFERENCE—PROCEEDING TO SELL DECEDENT'S LAND TO PAY DEBTS—QUESTIONS FOR REFEREE.

In proceedings to sell land for the payment of debts of decedent, the questions as to whether the aggregate of the valid claims exceed the amount of personalty properly applicable thereto, or whether personalty has been improperly used, and to what extent, and the amount of the estate's debts, and whether some of the debts are barred, must be determined by the referee.

Petition to sell land for the payment of debts of the estate of Maria Van Vleck, deceased. Granted.

Ritch, Woodford, Bovee. & Wallace, for petitioners.
Ladislas Karge, for Charles H. Hyde and others.
John A. & A. S. Mapes, for George Punchard.
Arnow & Cryer, for George H. Kitchen and others.
George W. Dunn, in pro. per.      •
Thomas W. Peyton, in pro. per.

THOMAS, S.  Proceeding to sell land for payment of debts.  Decedent died May 14, 1892.  Letters were issued to her executors January 25, 1893.  The petition in this proceeding was filed January 24, 1896.  A citation was not issued until April 5, 1900, and was served upon some of the parties within 60 days thereafter.  Subsequently supplemental citations were issued and served, and on the return day of the final supplemental citation, the service of citation being now complete, an application is made on behalf of certain of the respondents claiming title to the land to dismiss the proceeding.  As a just ground for this motion it is insisted that the proceeding was not commenced within three years after the granting of letters, and that the court is, therefore, without jurisdiction.  Code Civ. Proc. § 2750.  This objection cannot prevail, for the reason that the proceeding was duly commenced before the expiration of the three years by the filing of the petition.  Code Civ. Proc. § 2517.  The provision contained in that section requiring the citation, when issued, upon the petition, to be served within 60 days thereafter, does not render the proceeding null for failure to issue the citation promptly on the filing of the petition.  In re Bradley, 70 Hun, 104, 109, 23 N. Y. Supp. 1127; In re Phalen, 51 Hun, 208, 4 N. Y. Supp. 408.

It is next contended that under the will of the decedent her debts are expressly charged upon her real estate, and that the remedy of the creditors must be in the supreme court to enforce this charge. I do not so construe the will.  The only mention of debts or creditors contained in the will is found in the first paragraph, which is to the effect that, "after the payment of my debts and funeral expenses, I give, devise, and bequeath," etc.  No power of sale of any kind is found in the instrument.  This does not create any charge, though the decedent may have had in mind the fact that the legal remedy now invoked prevented her from defeating the claims of her creditors.  In re City of Rochester, 110 N. Y. 159, 17 N. E. 740; Clift v. Moses, 116 N. Y. 144, 22 N. E. 393; In re Powers, 124 N. Y. 361, 26 N. E. 940; In re Gantert, 136 N. Y. 106, 32 N. E. 551.

The questions as to whether the aggregate valid claims against the estate exceed the amount of personalty properly applicable thereto, or whether any of the personalty has been improperly applied or used, and to what extent, and the amount of debts for which the estate is liable, and whether some of the debts are barred by the statute of limitations, must all be determined by the referee.  The usual order of reference may be submitted and settled upon notice.

Decreed accordingly.