## In the Matter of the Estate of GUSTAV LANGE, JR., Deceased.

Surrogate's Court, New York County, August 21, 1939.

*Parsons, Closson & McIlvaine,* for Lillian M. Burke, as executrix, etc.

*Gifford, Woody, Carter & Hays,* for Kenneth R. Strickland, as administrator *c. t. a.* of Francis Huber, deceased.

*Frank J. Wille,* for Alida [Lange Palmer, as administratrix *c. t. a.* of William H. Lange, deceased.

*G. Kenneth Brown,* for Elsa Lange Hardesty and Ruth Lange Barrett, individually and as administratrices, etc., of Cordilla J. Lange, deceased.

*Edward F. McShane,* for Joseph Padavano.

*William C. Chanler, Corporation Counsel,* for the City of New York.

*Ebben Schramm,* for the Tyler Building Corporation.

DELEHANTY, S. The objection of Lawyers Title Corporation of New York was disposed of by stipulation that the claim of this objectant be allowed in the sum of $105.07 and that the objection be otherwise withdrawn.

The objections of Strickland as administrator *c. t. a.* are disposed of as follows: Objection first has been satisfied by the separate proceeding which has resulted in bringing into this estate the proceeds of the condemnation proceeding which is referred to in the objection. The fund was received subject to the rights of the respective claimants therein and rulings on such rights are made at a later point in this opinion. The duty of the executrix to seek the fund arose prior to any incumbrance of the fund for other than attorneys' services in the condemnation proceeding. The rulings hereinafter made will charge the executrix with the fund undiminished by any act of hers as an individual in respect to any interest which she possessed as an individual.

Objection second is sustained to the extent of denying credit in this accounting proceeding for items which are still on hand or which should be on hand. The executrix is subject to the duty to collect whatever is in fact collectible. The decree will not adjudge that the assets on hand are in fact collectible, neither will it credit the executrix on any basis of uncollectibility. The facts are to be reported in a subsequent accounting when the facts are actually ascertained.

Objection third is overruled but only because the items objected to have been taken into account in fixing the fees of the attorney for the executrix in the separate 231-a proceeding which is

decided simultaneously herewith. The court has treated the items of so-called disbursements for typing as overhead items which are to be absorbed in the fees allowed. Accordingly the payments referred to in objection third are to be deemed payments on account of the fee allowed in the separate proceeding.

Objections fourth and fifth are sustained to the extent of ruling that neither the rents nor the expenses of the premises referred to in these objections are proper items for inclusion in this account. The devisees of the property were chargeable with the carrying charges thereof and so credit for such charges is disallowed.

Objection sixth is sustained to the extent of holding that all general creditors must be dealt with on a parity and that any payments to any general creditor of an amount in excess of his ratable share in the net assets will subject the executrix to a surcharge for such excess and will entitle the executrix to a direction in the decree to the particular creditor to make refund of such excess to the estate. The item of six dollars for storage of a coat, the item of $194.54 and the item of eighty-three dollars are disallowed as credits with the proviso that if the articles upon which these storage charges accrued are needed for the payment of debts so much of the respective storage claims as were due at the date of death will be allowed as estate charges. The executrix having elected to retain the personal belongings will be obliged to contribute the cash sum necessary to make good to the estate the value of the personalty retained by her so far as such value is required for payment of debts. The items of payments to the Collector of Internal Revenue are held to be preferred and payment thereof in full is adjudged to be proper.

Objection seventh is disposed of by the consent of all interested parties that the personal claims of the executrix be settled at the sum of $5,000 but subject to such offsets as may be found to be appropriate by reason of any surcharge against the executrix or the disallowance of any credit claimed by her.

Objection eighth is sustained but it should be noted that the last item listed in Schedule E at $813.50 is to be dealt with as an item of $529.96 because of the rulings made on objection sixth.

Objection ninth relates to commissions which are dealt with hereafter. The supplemental objection of this objectant was marked withdrawn on consent of this objectant.

The objections of Palmer as administratrix c. t. a. are disposed of as follows:

Objection I follows the tenor of Strickland objection first and the ruling on the latter objection covers it.

Objections II, III and IV were withdrawn by objectant.

Objection V was amended and as amended is sustained for the reasons stated in connection with the Strickland objection second.

Objection VI was sustained in the degree and for the reasons stated in respect of Strickland objection fifth. Note should be made, however, that the total objected to includes payments aggregating $120 in reduction of the mortgage on the devised realty which was later condemned and the proceeds of which are now before the court. The executrix is to be given due credit for this mortgage reduction in the adjustment of her obligations to the estate.

Objections VII, VIII, IX, X, XI, XII and XIII were marked withdrawn on consent of objectant.

Objection XIV is to be deemed disposed of by the ruling on the fee application of the attorneys for the executrix. The payments objected to are to be deemed payments on account of the fees and disbursements allowed on the separate application.

Objections XV and XVI were withdrawn by objectant.

Objection XVII was amended and as amended is sustained except in respect of the mortgage principal reduction of $120. This latter item is to be dealt with as stated in the ruling on objection VI.

Objections XVIII, XIX and XX cover the same field as Strickland objection fourth and are sustained for the reasons stated in respect of the Strickland objection.

Objections XXI, XXII, XXIII, XXIV and XXV were withdrawn by objectant.

Objections XXVI and XXVII were disposed of by the stipulation which allowed the personal claims of the executrix at $5,000 subject to adjustment as stated in the ruling on Strickland objection seventh.

Objections XXVIII, XXIX and XXX raise the same issues as are raised by Strickland objection eighth and are disposed of by the ruling on the latter objection.

Objection XXXI covers the same field as is covered by Strickland objection sixth and the ruling on the latter is applicable.

Objection XXXII relates to commissions and is disposed of hereafter.

The objections of Tyler Building Corporation are disposed of as follows:

Objections first and third cover the same field as is covered by Strickland objections first, fourth and fifth and are disposed of by the rulings thereon.

Objection second is overruled but the comments made in the ruling on Strickland objection second are applicable to this objection.

Objection fourth will be disposed of by the ruling on the separate application for counsel fees made by the attorneys for the executrix.

Objection fifth covers the same field as Strickland objection fifth and Palmer objection VI. The comments on Palmer objection VI dispose of this objection.

Objection sixth is disposed of by the allowance of the claims of the executrix which was consented to by the parties.

Objection seventh was withdrawn after the claim there referred to was withdrawn.

Objection eighth was marked withdrawn.

Objections ninth, tenth and eleventh cover the same ground and are disposed of on the same basis as Strickland objection sixth.

Objection twelfth is overruled since the vouchers in fact have been filed.

These rulings leave for consideration the questions arising in respect of the condemnation award for the realty specifically devised to the executrix and two others. In the procurement of this award legal services were necessarily rendered by the attorneys representing the devisees. The fund is properly chargeable with the reasonable value of the services so rendered. The court has taken proof of such services and finds and determines that there is due and payable to the attorney for Elsa Lange Hardesty the sum of $500 for his services in the condemnation proceedings. The amount so allowed is a charge against the one-third share of Elsa Lange Hardesty. The court finds and determines that there is due to the attorneys for Ruth Lange Barrett and Lillian M. Burke the sum of $1,200 for their services in the condemnation proceeding. The allowance is to be charged in equal shares to the respective interests of Ruth Lange Barrett and Lillian M. Burke.

The remaining claim of lien on the condemnation award arises because of a transaction between Lillian M. Burke in her individual capacity and one Padavano. The executrix was a party to a controversy which resulted in establishing a liability of this estate in a sum in excess of $30,000 to an estate of which deceased was executor. After that decision was made the assignment to Padavano was made by the executrix of an interest in her individual rights as devisee. The assignment was made less than eighteen months after the grant of letters in the estate of deceased. " Until the time had elapsed in which application might be made for the sale of decedent's real property, an heir or devisee who had title to the property could not convey it free from a lien for the payment of decedent's debts." (*Matter of Cunniff*, 272 N. Y. 89, 100.)

It follows that at the date of the assignment to Padavano the creditors held a superior claim of lien. The only question is whether that superior right of the creditors has been lost. The court holds that it has not. The accounting proceeding now pending was instituted on July 20, 1938, by an application to compel an accounting. This was some two months prior to the expiration of the eighteen-month period. Service of citation on the executrix was obtained also prior to the expiration of the eighteen-month period, though that was not essential since the petition was filed in time. (*Matter of Van Vleck*, 32 Misc. 419. Compare *Matter of Gouraud*, 95 N. Y. 256, 261.) The initiation of the accounting proceeding extended the lien of the creditors until the termination of the proceeding. (*Matter of O'Donnell*, 208 App. Div. 374, 387; revd., 240 N. Y. 99, on a ground leaving unaffected the point here of importance; *Matter of McKenna*, 171 Misc. 273, 276.) The order bringing into this accounting proceeding for disposition the proceeds of the condemnation was an interim order in the accounting proceeding. Thus it is established that by appropriate action the funds which are the substitute for the land are now subject to the direction of the court and are here available to the creditors free of any claims except the claims of the attorneys for the services rendered in the production of the fund. They have a charging lien attaching to the fund as an incident to its creation. The assignment of Padavano is subject to the creditors' rights. As stated hereinabove the executrix would in any event be held chargeable with the whole value of her share because in breach of her fiduciary duty she made the assignment to Padavano but the creditors are not at the hazard of a collection from her. They may take the fund free of his assignment to the extent necessary for full payment to them.

In view of this conclusion it is not necessary to discuss the further point urged by the creditors that the order of the Supreme Court constitutes an adjudication. The order in its text refers to an opinion of the Supreme Court. This opinion may be subject to two interpretations. It is unnecessary to consider whether the Supreme Court intended to or did rule finally upon the right of the assignee under his assignment. If it did, then its conclusion compels that reached by this court on the present record.

Ruling is required on the objection to the payments scheduled in the account as payments to attorneys. By separate decision the court has ruled upon the application of the attorneys to have their total fees fixed. The amount allowed takes into account the payments scheduled as having been made to the attorneys. Since the amount allowed is in excess of the amount scheduled as

having been paid, the objections to the scheduled payments are overruled but subject to the directions in the separate decision as to how these payments are to be treated.

Finally there remain for ruling the objections to the allowance of commissions to the executrix. These objections are sustained. The court holds that the executrix attempted to sacrifice the interests of estate creditors for her own personal benefit. She unreasonably delayed action in respect of the realty devised to her and others by deceased after she knew that the realty was needed to pay the debts of the estate. She indulged in obstructive tactics generally and thereby imposed extra costs upon the creditors. Her conduct compels disallowance of commissions.

Submit, on notice, decree settling the account accordingly.